**Harriet M. GOULD, an unremarried widow, Plaintiff-Appellant,**

v.

**MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, a foreign corporation, Defendant-Appellee.**

Nos. 85–3833, 85–4163.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 7, 1986.

Decided May 28, 1986.

Vaughn E. Evans, Seattle, Wash., for plaintiff-appellant.

Robert M. Kraft, Frank Draper, Seattle, Wash., for defendant-appellee.

Before: WRIGHT and ANDERSON, Circuit Judges, and CROCKER *, Senior District Judge.

EUGENE A. WRIGHT, Circuit Judge:

At issue are the competing concerns of the finality of judgments and the limited subject matter jurisdiction of federal courts. Mrs. Gould asks this court to reconsider its previous determination of subject matter jurisdiction. She contends that removal was improper and the district court lacked subject matter jurisdiction. Her contentions fail because of the procedural posture of the case: the district court has entered final judgment against her; and the issues, including subject matter jurisdiction, have been litigated all the way to the Supreme Court. She would continue the controversy by having the case remanded to the state court. Having determined that our prior determination was correct, we hold that the district court was bound by the law of the case.

BACKGROUND

We summarized the facts in our earlier opinion:

---

* Of the Eastern District of California.

In May 1976, Vick Gould was found shot to death in a public park in Bellevue, Washington. He was killed by a bullet that entered through the base of his skull. Vick was insured under a life insurance policy issued by Mutual Life Insurance Company of New York ("MONY"). The policy insured against accidental death, but excluded death by suicide. Plaintiff Harriet Gould, the insured's widow and beneficiary of the policy, submitted a claim to collect the $25,-000 proceeds of the policy. MONY refused payment, claiming that the death was by suicide.

Plaintiff then brought an action in state court to enforce the policy. MONY raised the policy's suicide exclusion clause as an affirmative defense. The jury returned a verdict for plaintiff and, on appeal, the Washington Supreme Court affirmed. *Gould v. Mutual Life Insurance Co.*, 95 Wash.2d 722, 629 P.2d 1331 (1981) (en banc).

*Gould v. Mutual Life Insurance Co. of New York*, 735 F.2d 1165, 1166 (9th Cir. 1984), *cert. denied*, —— U.S. ——, 105 S.Ct. 2023, 85 L.Ed.2d 304 (1985).

Having prevailed on her policy claim, Gould, a Washington resident, sued in state court under the Washington Consumer Protection Act against two Washington attorneys and MONY, a New York corporation. The court dismissed the claims against the two attorneys, and Gould appealed.

While the appeal was pending, MONY removed the action. The district judge denied Gould's motion for remand and entered summary judgment for MONY.

Gould appealed. After that appeal was submitted, the Washington Court of Appeals reversed the state trial court's dismissal of the two Washington attorneys. *Gould v. Mutual Life Insurance Co. of New York*, 37 Wash.App. 756, 683 P.2d 207 (1984) (filed in April 1984).

In June 1984, we affirmed the summary judgment for MONY. *Gould v. Mutual*

*Life Insurance of New York*, 735 F.2d 1165 (9th Cir.1984). Gould petitioned for rehearing and suggested rehearing en banc, raising for the first time on appeal the district court's removal jurisdiction. After calling for a response by MONY, we denied Gould's petition for rehearing and suggestion for rehearing en banc.[1]

Gould then petitioned for certiorari, again raising the district court's removal jurisdiction. While the petition was pending, Gould moved in the district court for remand. On April 15, the Supreme Court denied certiorari. *Gould v. Mutual Life Insurance Co. of New York*, —— U.S. ——, 105 S.Ct. 2023, 85 L.Ed.2d 304 (1985). On April 17, the district court denied the remand motion. Gould appealed (Appeal No. 85–3833).

Gould next filed an independent federal action, alleging that the judgment for MONY in the previous action was void for lack of subject matter jurisdiction. The district court dismissed the action on MONY's motion. Gould appealed (Appeal No. 85–4163).

STANDARD OF REVIEW

Removal is a question of federal subject matter jurisdiction, reviewable de novo. *Williams v. Caterpillar Tractor Co.*, 786 F.2d 928, 931 (9th Cir.1986) (citing *Bright v. Bechtel Petroleum, Inc.*, 780 F.2d 766, 768 (9th Cir.1986) ). "The burden of establishing federal jurisdiction falls on the party invoking removal." *Id.* (citing *Hunter v. United Van Lines*, 746 F.2d 635, 639 (9th Cir.1984), *cert. denied*, —— U.S. ——, 106 S.Ct. 180, 88 L.Ed.2d 476 (1985) ).

■■■ Motions to vacate under Rule 60(b) are not a substitute for appeal, however, and are usually reviewed for abuse of discretion. *Pena v. Sequros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir.1985); *Bruce v. United States*, 759 F.2d 755, 759 (9th Cir.1985). "[R]eview of a Rule 60(b) motion may encompass a claim that the district court acted in excess of its jurisdic-

---

1. In August 1984, before this court denied Gould's rehearing petition and suggestion, the state trial court entered summary judgment for the two Washington attorneys. The judgment is final, and the Washington Supreme Court has denied Gould's petition for review.

tion...." *Cel-A-Pak v. California Agr. Labor Relations Board,* 680 F.2d 664, 668 (9th Cir.1982) (citing *United States v. Russell,* 578 F.2d 806, 807 (9th Cir.1978) ), *cert. denied,* 459 U.S. 1071, 103 S.Ct. 491, 74 L.Ed.2d 633 (1982). A court considering a motion to vacate a judgment, which it finds void for lack of jurisdiction, has no discretion to hold that the judgment should not be set aside. *Watts v. Pinckney,* 752 F.2d 406, 410 (9th Cir.1985).

## ANALYSIS

### I. *District Court Jurisdiction After Appeal of Final Judgment*

Initially, MONY contends that once the original notice of appeal was filed, the district court was without jurisdiction to consider Gould's postjudgment contentions.

■ The filing of a notice of appeal divests the district court of jurisdiction. *Scott v. Younger,* 739 F.2d 1464, 1466 (9th Cir.1984) (citing *Long v. Bureau of Economic Analysis,* 646 F.2d 1310 (9th Cir.), *judgment vacated on other grounds,* 454 U.S. 934, 102 S.Ct. 468, 70 L.Ed.2d 242 (1981); *Smith v. Lujan,* 588 F.2d 1304 (9th Cir.1979) ). Unless the appellate court remands to the district court, the latter is without jurisdiction to consider motions to vacate judgment. *See Bruce v. United States,* 759 F.2d 755, 757 (9th Cir.1985) (citing *Scott v. Younger,* 739 F.2d at 1466).

Indeed, we have held that, where the underlying judgment has been appealed, denial of a motion for relief from that judgment is a nonappealable order. *Los Angeles Memorial Coliseum Commission v. NFL,* 726 F.2d 1381, 1386 n. 2 (9th Cir.), *cert. denied,* — U.S. —, 105 S.Ct. 397, 83 L.Ed.2d 331 (1984); *see also Scott,* 739 F.2d at 1466 (denial of "request to 'entertain' a motion to vacate ... is interlocutory in nature and not appealable."); *Crateo, Inc. v. Intermark, Inc.,* 536 F.2d 862, 869 (9th Cir.) (not appealable but court con-

strues as request for remand), *cert. denied,* 429 U.S. 896, 97 S.Ct. 259, 50 L.Ed.2d 180 (1976). *But cf. Long v. Bureau of Economic Analysis,* 646 F.2d 1310, 1318 (9th Cir.) (recognizing that other circuits allow *denial* of motion), *judgment vacated on other grounds,* 454 U.S. 934, 102 S.Ct. 468, 70 L.Ed.2d 242 (1981).

The proper procedure, once an appeal has been taken, is to " 'ask the district court whether it wishes to entertain the motion, or to grant it, and then move this court, if appropriate, for remand of the case.' " *Scott,* 739 F.2d at 1466 (quoting *Long,* 646 F.2d at 1318). If that route is not taken, an appeal of the denial of the motion to vacate is subject to dismissal. *Smith v. Lujan,* 588 F.2d 1304, 1307 (9th Cir.1979).

Gould's motion for remand at issue in No. 85–3833 was not denominated a Rule 60(b) motion. But, since it followed final judgment[2] and was not within the time limits of Rule 59(e), we may consider it a Rule 60(b) motion. *Rodriquez v. Southern Pacific Transportation Co.,* 587 F.2d 980, 981 (9th Cir.1978). It follows that since she did not follow the proper procedure to request a remand from this court, we might dismiss the appeal as interlocutory. Gould's motion in her independent action is admittedly pursuant to Rule 60(b). If the rules noted above apply, the decision on appeal in No. 85–4163 would also be unappealable.

Although language in the cited cases supports the proposition that the district court never regains jurisdiction in the absence of a remand, the better approach is that the district court may consider motions to vacate once the mandate has issued.

■ The Supreme Court approved this procedure in *Standard Oil Co. of California v. United States,* 429 U.S. 17, 97 S.Ct. 31, 50 L.Ed.2d 21 (1976). The Court recognized that requiring appellate leave for the

---

**2.** Gould argues that her motion was proper because, under 28 U.S.C. § 1447(c), the district court may remand any time before final judgment if it finds that removal was improvidently granted. Her argument is frivolous.

Her previous appeal was from the district court's final judgment. Raising a remand motion after the appeal is taken cannot be before final judgment as required in Section 1447(c).

district court's consideration of Rule 60(b) motions is often inefficient and that the district court may better recognize a frivolous motion. *Id.* at 18–19, 97 S.Ct. at 31–32. We agree and adopt the rule that, once the appellate mandate has issued, leave of this court is not required for district court consideration of a Rule 60(b) motion.

■ The Court had denied certiorari by the time the district court ruled on the motion. *Standard Oil* applies to preclude the necessity of seeking leave of the Supreme Court. *See id.* at 17 n. 1, 97 S.Ct. at 31 n. 1 ("mandate" incorrect but useful); S.Ct. R. 52.3 (no formal mandate from Supreme Court to federal courts). Thus, Gould need not have applied to this court or the Supreme Court for either a remand or a recall of mandate in order for the district court to have had jurisdiction to consider the motion and the independent action.

## II. *Removal Jurisdiction and the Voluntary/Involuntary Rule*

■ Gould contends that the district court improperly denied her remand motion made immediately after MONY removed the action. As an initial matter, she is right. Removal jurisdiction is statutory and strictly construed. *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir.1979) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941) ); *Self v. General Motors Corp.*, 588 F.2d 655, 657 (9th Cir.1978). Federal courts look only to a plaintiff's pleadings to determine removability. *Self,* 588 F.2d at 655.

■ When an action is removed based on diversity, complete diversity must exist at removal. *Miller v. Grgurich,* 763 F.2d 372, 373 (9th Cir.1985). This rule "parallels the rule in federal question cases where a federal question must exist at the time the petition for removal is filed." *Id.* (citing *Libhart,* 592 F.2d at 1065). Diversity is generally determined from the face of the complaint. *Id.*

In *Self v. General Motors,* we discussed the rule that only a voluntary act by a plaintiff could create diversity removal jurisdiction where none existed from the complaint. *See id.* at 657–60. The rule does not allow creation of diversity removal jurisdiction by court order dismissing the non-diverse defendant, *id.* at 660, even if state appeals of the dismissal were complete, *id.* at 658.

Under this analysis, the district court erred in denying Gould's remand motion because dismissal of the two Washington attorneys was not voluntary. If she had pressed an interlocutory appeal, we could have ordered the district court to remand.

## III. *Removal Jurisdiction after Final Judgment*

■ Because Gould did not take an interlocutory appeal of the denial of her remand motion, however, the issue is subject to a different test. In *American Fire & Casaulty Co. v. Finn,* 341 U.S. 6, 16, 71 S.Ct. 534, 541, 95 L.Ed. 702 (1951), the Court recognized that a district court judgment may be upheld, even if initial removal was improper. If the district court "would have had original jurisdiction of the controversy had it been brought in the federal court in the posture it had at the time of the actual trial of the cause or of the entry of judgment," then the estoppel that applies to prevent a party from raising the removal errors does not "endow [the court] with a jurisdiction it could not possess." *Id.* at 16–17, 71 S.Ct. at 541.

The Court reaffirmed this rule in *Grubbs v. General Electric Credit Corp.,* 405 U.S. 699, 702–06, 92 S.Ct. 1344, 1347–49, 31 L.Ed.2d 612 (1972). This circuit applies *Grubbs* and *American Fire* even where the final judgment is by summary judgment. *Beers v. Southern Pacific Transportation Co.,* 703 F.2d 425, 427 (9th Cir. 1983); *Stone v. Stone,* 632 F.2d 740, 742 (9th Cir.1980) (citing cases), *cert. denied,* 453 U.S. 922, 101 S.Ct. 3158, 69 L.Ed.2d 1004 (1981). *But see Libhart v. Santa Monica Dairy Co.,* 592 F.2d 1062, 1066 (9th

Cir.1979) (exception only applies to trial on the merits, not summary judgment).

In *Lewis v. Time, Inc.*, 710 F.2d 549 (9th Cir.1983), we applied *Grubbs* to a situation similar to this. When final judgment was entered, only a diverse defendant remained because the nondiverse defendants had been dismissed by summary judgment. *See id.* at 551–52. Applying *Grubbs,* we found that diversity jurisdiction existed at entry of final judgment. *Id.*

■■ Essentially, the rule requires an appellant to have a remand issue certified for interlocutory review. Otherwise an appellant will bear the risk that subject matter jurisdiction will exist at final judgment, and she will be deemed to have waived the issue. *See Sheeran v. General Electric Co.*, 593 F.2d 93, 97–98 (9th Cir.) (discussing rule), *cert. denied*, 444 U.S. 868, 100 S.Ct. 143, 62 L.Ed.2d 93 (1979); *see also Alligator Co., Inc. v. La Chemise Lacoste*, 421 U.S. 937, 938–39, 95 S.Ct. 1666, 1667, 44 L.Ed.2d 94 (1975) (three justices dissenting from denial of certiorari) (jurisdictional questions should be raised at the first opportunity).

Under the *Grubbs/American Fire* rule, the court below had subject matter jurisdiction. The nondiverse defendants had been dismissed by the state trial court and that dismissal had not yet been overturned on appeal. The only parties before the court were diverse. Although application of this rule puts an appellant to a choice, it promotes finality and judicial efficiency as does 28 U.S.C. § 1447(d), which prohibits appellate review of a district court's grant of a remand motion.

IV. *Res Judicata and Law of the Case Doctrines' Effect on an Attack for Lack of Subject Matter Jurisdiction of the Court's Judgment*

■■ MONY asserts that, regardless of our analysis of the *Grubbs/American Fire* rule, Gould should be barred by res judicata or collateral estoppel from relitigating the question of the district court's subject matter jurisdiction. Gould counters with the argument that, since her attack is di-

rect, not collateral, the district court should have examined the issues anew.

The Supreme Court has said that lower federal courts, while of limited jurisdiction, have the authority to determine their own jurisdiction. *Chicot County Drainage District v. Baxter State Bank*, 308 U.S. 371, 375–76, 60 S.Ct. 317, 319–20, 84 L.Ed. 329 (1940). "Their determinations of such questions, while open to direct review, may not be assailed collaterally." *Id.*

In *Watts v. Pinckney*, 752 F.2d 406 (9th Cir.1985), we held that a district court is "compelled to exercise its authority under Rule 60(b)(4) to vacate" judgments in which it had erroneously asserted its own jurisdiction. *Id.* at 410. The court had entered judgment against Pinckney and the United States. On the government's appeal, we ruled that the district court did not have subject matter jurisdiction over the claim against Pinckney. *Id.* at 407–08. Pinckney, however, was not a party to the appeal. *Id.* at 407. When he moved under Rule 60(b)(4) to have the judgment vacated as void for lack of jurisdiction, the district court granted it and we affirmed. *Id.* at 408, 410.

*Watts*, however, differs on its facts and does not control. In *Watts*, we had held, on the initial appeal, that the judgment against Pinckney was entered without jurisdiction. In Gould's initial appeal, we considered, albeit on a petition for rehearing and suggestion for rehearing en banc, whether the district court lacked subject matter jurisdiction and rejected the contention by denying rehearing.

"Under the law of the case doctrine 'a decision of a legal issue or issues by an appellate court ... must be followed in all subsequent proceedings in the same case ... unless the evidence on a subsequent trial [is] substantially different....' " *Pubali Bank v. City National Bank*, 777 F.2d 1340, 1342 (9th Cir.1985) (quoting *Moore v. Jas. H. Matthews & Co.*, 682 F.2d 830, 834 (9th Cir.1982)). Gould has shown nothing to justify the district court's ignoring the implication, arising from the denial

of rehearing, that it was bound by this determination that its exercise of jurisdiction was proper. We affirm its denial of Gould's motion and dismissal of her independent action as the law of the case.

CONCLUSION

Ninth Circuit law requires the conclusion that, unless the case is remanded, a district court does not regain jurisdiction after a notice of appeal is filed. The Supreme Court has approved of a better procedure. Thereunder, a district court may decide postjudgment motions without leave of the appellate court, once the appellate mandate has issued. We follow that procedure, holding that the court had jurisdiction to consider Gould's motions.

The district court erred initially when it denied Gould's remand motion. But, the test on appeal of a final judgment is not whether removal was proper but whether the court would have had jurisdiction of the case in the posture it had at the time final judgment was entered. The error does not void its judgment. The court would have had original jurisdiction of the case had it been filed in the posture it had as of final judgment because the only parties before it were diverse.

Moreover, even if the district court found error in our affirming its subject matter jurisdiction when we denied Gould's rehearing petition, it would have been bound, not by res judicata principles, but by the law of the case.

AFFIRMED.