978 F.2d 1265
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Hector CASTELLON, Petitioner-Appellant,
v.
Harol WHITLEY, Respondent-Appellee.
 No. 91-15042.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 6, 1992.*
Decided Nov. 10, 1992.
 
 Before CHOY, NOONAN, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellant Castellon is a habeas petitioner who seeks review of the district court's denial of a motion to vacate judgment. We dismiss Castellon's appeal because the district court lacked jurisdiction to deny this motion.
 
 
 3
 In 1984 Castellon was convicted in a Nevada court of murder, robbery and kidnapping. Castellon filed a petition in federal district court for writ of habeas corpus, which was denied in March 1990. Castellon then appealed the district court's denial of his habeas petition to this court.[1]
 
 
 4
 In June 1990, Castellon applied to this court for a stay of his appeal to allow him to file a Fed.R.Civ.P. 60(b) motion in district court. This court did not issue a remand to the district court, but stayed the appeal temporarily to permit Castellon to seek an indication from the district court that it would entertain a Rule 60(b) motion. On September 6, the district court issued an order stating that it would not entertain a Rule 60(b) motion because Castellon had not made any showing of additional meritorious claims not included in the habeas petition.
 
 
 5
 Castellon then filed in district court a motion for reconsideration of the September 6 order, which included an attachment entitled "Motion to Vacate Judgment under Rule 60(b)." A few weeks later, Castellon notified this court that the district court had refused to entertain a Rule 60 motion, and this court lifted its stay on October 16, 1990.
 
 
 6
 Meanwhile the motion for reconsideration was still pending in the district court. On November 30, 1990, the district court denied the motion for reconsideration and although Castellon had made only one motion, for reconsideration of the court's September 6 order, the court also denied "petitioner's motion[s]" to vacate judgment and for an indication that the court would entertain a Rule 60(b) motion. Castellon appeals from the denial of the motion to vacate judgment.
 
 
 7
 Once a notice of appeal is filed, the district court no longer has jurisdiction to consider a Rule 60 motion to vacate judgment. Gould v. Mutual Life Ins. Co., 790 F.2d 769, 772 (9th Cir.), cert. denied, 479 U.S. 987 (1986); Scott v. Younger, 739 F.2d 1464, 1466 (9th Cir.1984). Rather, a motion to vacate judgment cannot be decided on its merits unless the court of appeals issues a remand to the district court. The proper procedure is to ask the district court if it is willing to entertain a Rule 60 motion, and then if it is willing, to ask the court of appeals for a remand. See Gould, 790 F.2d at 772; Scott, 739 F.2d at 1466. When a district court is without jurisdiction because of a pending appeal but denies a motion to vacate judgment anyway, the denial is a nonappealable order and the appeal is subject to dismissal. Gould, 790 F.2d at 772; Smith v. Lujan, 588 F.2d 1304, 1307 (9th Cir.1979).
 
 
 8
 In this case, an appeal was pending in this court at the time of the district court's order denying the motion to vacate judgment. The district court thus did not have jurisdiction to deny the motion to vacate, and its order is not appealable. We find it unnecessary to reach the issue of whether Castellon was required to obtain a certificate of probable cause to appeal the denial of the Rule 60(b) motion in addition to the certificate he obtained to appeal the denial of his habeas petition.
 
 
 9
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 A panel of this court affirmed the district court's denial of the habeas petition on September 17, 1992 (appeal no. 90-15627)