995 F.2d 231
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kenneth Lee KRAUSE, Plaintiff-Appellant,
v.
Donna CALDWELL; Rumaldo Rodriguez, Defendants-Appellees.
 No. 92-15878.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 12, 1993.*
Decided May 25, 1993.
 
 Before HUG, WIGGINS and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kenneth Lee Krause, a Nevada state prisoner, appeals pro se the district court's judgment in favor of Nevada State Penitentiary medical personnel in his 42 U.S.C. § 1983 action challenging the medical treatment he received following surgery to remove an aneurysm. He also appeals the denial of his motions to disqualify the district judge and to vacate the judgment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 BACKGROUND
 
 3
 Krause, an inmate at the Nevada State Penitentiary, was diagnosed with a brain aneurysm. The Nevada State Department of Prisons transported him to the University of San Francisco Medical Center, where he underwent successful surgery for the removal of the aneurysm. His neurosurgeon prescribed a high dosage of dilantin, a drug used to prevent seizures.
 
 
 4
 Following the surgery, Krause was transferred back to the Nevada State Penitentiary and was placed in the infirmary. Nurse Donna Caldwell contacted Physician's Assistant Rumaldo Rodriquez for permission to administer the dilantin. Rodriguez gave Caldwell permission to administer the dilantin in accordance with the neurosurgeon's prescription. Krause exhibited signs of toxicity to dilantin. He was treated by the infirmary staff and the dosage was reduced.
 
 STANDARD OF REVIEW
 
 5
 We review de novo the district court's dismissal for failure to state a claim, Noll v. Carlson, 809 F.2d 1446, 1447 (9th Cir.1987), and grant of summary judgment, Jones v. Pacific Union R.R., 968 F.2d 937, 940 (9th Cir.1992). We review for an abuse of discretion the denial of Krause's motions to disqualify the district judge, Evenstad v. United States, 978 F.2d 1154, 1158 (9th Cir.1992), and to vacate the judgment, Gould v. Mutual Life Insurance Co., 790 F.2d 769, 771 (9th Cir.1986).
 
 DISCUSSION
 I. Eighth Amendment Claims
 A. Caldwell
 
 6
 Krause contends that Caldwell acted with deliberate indifference to his serious medical needs by administering an excessive dosage of dilantin, failing to supply him with nasal spray and having other inmates help him bathe and change his bedding.
 
 
 7
 "Prisoners can establish an eighth amendment violation with respect to medical care if they can prove there has been deliberate indifference to their serious medical needs." Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.1989). The indifference to medical needs must be substantial; inadequate treatment due to negligence or inadvertence is insufficient to state a claim. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). In order to demonstrate deliberate indifference, prisoners must allege sufficient facts to indicate that prison officials acted with a culpable state of mind. Wilson v. Seiter, 111 S.Ct. 2321, 2323 (1991).
 
 
 8
 Krause does not dispute that Caldwell contacted Rodriguez for permission to administer dilantin, and that she administered the dilantin in accordance with the neurosurgeon's prescription. The substance of Krause's allegations is that his neurosurgeon prescribed an excessive dosage of dilantin, a claim which he unsuccessfully alleged in a prior action against his neurosurgeon and other University of San Francisco Medical Center personnel. See Krause v. Finch, No. 91-15774, unpublished memorandum disposition (9th Cir. Jan. 31, 1992). Krause's claims that Caldwell administered a drug prescribed in an excessive dosage by a neurosurgeon, failed to supply him with nasal spray and had other inmates help him bathe and change his bedding at most amount to negligence, which is not actionable under the eighth amendment. See Estelle, 429 U.S. at 106. Accordingly, the district court properly dismissed Krause's claims against Caldwell.
 
 B. Rodriguez
 
 9
 Krause contends that Rodriguez acted with deliberate indifference to his serious medical needs by giving Caldwell permission to administer an excessive dosage of dilantin.
 
 
 10
 Krause does not dispute that Rodriguez gave Caldwell permission to administer the dilantin in accordance with the neurosurgeon's prescription, and that Krause was treated and the dosage reduced when he exhibited signs of toxicity.[1] Because there is no evidence that Rodriguez acted with the deliberate indifference proscribed by the eighth amendment, see Estelle, 429 F.2d at 106, the district court properly entered summary judgment in favor of Rodriguez.[2]
 
 II. Motion to Disqualify District Judge
 
 11
 Krause contends that the district judge was biased and should have recused himself because Krause filed a complaint of judicial misconduct against him in a civil rights action and the action was subsequently reassigned to another judge.
 
 
 12
 A party must show extrajudicial bias or prejudice when seeking disqualification of a district judge. Thomasson v. United States, 835 F.2d 727, 732 (9th Cir.1987). Because Krause failed to show extrajudicial bias, the district court properly denied Krause's motion. See id.
 
 III. Motion to Vacate Judgment
 
 13
 Krause contends that the district court abused its discretion in denying his Fed.R.Civ.P. 60(b) motion to vacate judgment for lack of jurisdiction. Because Krause's filing of a notice of appeal divested the district court of jurisdiction, see Gould, 790 F.2d at 772, the district court properly denied the motion.[3]
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Krause contends that Rodriguez lacked legal authority to authorize the dosage of dilantin. As Krause acknowledged in his Reply to Motion for Partial Summary Judgment, his neurosurgeon authorized the dosage of dilantin; Rodgriguez merely gave Caldwell permission to administer dilantin in accordance with the dosage prescribed by the neurosurgeon
 
 
 [2]
 The district court granted Rodriguez's summary judgment motion on the ground that Krause did not timely oppose the motion. We may affirm on a ground not selected by the district court so long as the record supports the alternative disposition. Saulsbury Orchards Almond Processing, Inc. v. Yuetter, 917 F.2d 1190, 1196 (9th Cir.1990)
 
 
 [3]
 The appellees' motion to strike portions of Krause's answering brief is denied