9 F.3d 1553
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ting CHEN, Plaintiff-Appellant,
v.
U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT; Charles
Ming, Manager; Mary Chambers; John Gutierrez;
Dale Holmes; Ray Brewer, Chief Property
Officer, Defendants-Appellees.
 No. 92-56582.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1993.*
Decided Oct. 29, 1993.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ting Chen appeals pro se the district court's dismissal of Chen's action against the United States Department of Housing and Urban Development ("HUD") for lack of prosecution. Chen also appeals the district court's denial of his Fed.R.Civ.P. 60(b) motion. We have jurisdiction to review the dismissal pursuant to 28 U.S.C. § 1291. We affirm in part, dismiss in part, and vacate in part.
 
 
 3
 On June 10, 1992, Chen filed an action in state court against HUD alleging breach of contract and fraud. On July 15, 1992, HUD removed the action to the district court. On July 22, 1992, HUD filed a motion to dismiss Chen's action pursuant to Fed.R.Civ.P. 12(b)(1), (6). Chen failed to oppose the motion.
 
 
 4
 On August 11, 1992, the district court notified the parties that it would hold a hearing on HUD's motion on August 18, 1992 at 9:00 a.m. Chen failed to appear at the hearing.[1] The district court granted HUD's motion to dismiss and ordered HUD's counsel to prepare an order. The district court docket sheet indicates that a proposed order prepared by HUD was placed in the court file on August 18, 1992 but was not used. On November 9, 1992, the district court dismissed Chen's action without prejudice for lack of prosecution pursuant to the local rules. On December 7, 1992, Chen filed a notice of appeal and a motion for relief pursuant to Fed.R.Civ.P. 60(b). On January 11, 1993, the district court entered its order denying Chen's motion for relief and dismissing Chen's action with prejudice.[2] Chen appeals the November 9, 1992 and January 11, 1993 orders.
 
 
 5
 As a preliminary issue, we must determine the effect of Chen's notice of appeal on the district court's order denying Chen's Rule 60(b) motion. Generally, the filing of a notice of appeal divests the district court of jurisdiction to consider a Fed.R.Civ.P. 60(b) motion for relief from judgment. Gould v. Mutual Life Ins. Co., 790 F.2d 769, 772 (9th Cir.), cert. denied, 479 U.S. 987 (1986); Cel-a-Pak v. California Agr. Labor Relations Bd., 680 F.2d 664, 667 (9th Cir.), cert. denied, 459 U.S. 1071 (1982). "Once a notice of appeal is filed jurisdiction is vested in the Court of Appeals, and the trial court thereafter has no power to modify its judgment in the case or proceed further except by leave of the Court of Appeals." Visioneering Constr. & Dev. Co. v. United States Fidelity & Guar., 661 F.2d 119, 124 n. 6 (9th Cir.1981).
 
 
 6
 Here, Chen filed an effective notice of appeal before the district court considered his motion for relief. The district court, therefore, lacked power to convert the dismissal without prejudice into a dismissal with prejudice. See id. Accordingly, we vacate the portion of the district court's order dismissing Chen's case with prejudice.
 
 
 7
 Chen contends the district court erred by denying his Rule 60(b) motion. We lack jurisdiction to review the denial of the Rule 60(b) motion.
 
 
 8
 "[W]here the underlying judgment has been appealed, denial of a motion for relief from that judgment is a nonappealable order." Gould, 790 F.2d at 772. The proper procedure to seek Rule 60(b) relief during the pendency of an appeal is to "ask the district court whether it wishes to entertain the motion, or to grant it, and then move this court, if appropriate, for remand of the case." Scott v. Younger, 739 F.2d 1464, 1466 (9th Cir.1984) (quotations omitted). "If that route is not taken, an appeal of the denial of the [Rule 60(b) motion] is subject to dismissal." Gould, 790 F.2d at 772.
 
 
 9
 Here, Chen failed to follow the proper procedure in seeking to have the district court rule on his Rule 60(b) motion. Accordingly, we dismiss Chen's appeal from the denial of the Rule 60(b) motion. See id.
 
 
 10
 We now turn to the court's dismissal of Chen's action for failure to prosecute. Chen contends the district court abused its discretion by failing to warn Chen that dismissal was possible. We disagree.
 
 
 11
 The court has inherent power to dismiss for lack of prosecution. Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962). We review such dismissals for abuse of discretion. Ash v. Cvetkov, 739 F.2d 493, 495 (9th Cir.1984), cert. denied, 470 U.S. 1007 (1985). "Only in rare cases will we question the exercise of discretion in connection with the application of local rules." United States v. Warren, 601 F.2d 471, 474 (9th Cir.1979).
 
 
 12
 Under the local rules, "[i]f a party, without notice to the Court, fails to appear at the noticed call of any action or proceeding, the matter is subject to dismissal for want of prosecution." U.S.Dist.Ct.C.D.Cal.Loc.R. 12.3. "Civil actions which have been pending for an unreasonable period of time without any action having been taken therein may, after notice, be dismissed for want of prosecution." Id. at 12.1.
 
 
 13
 "In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.' " Carey v. King, 856 F.2d 1439, 1440 (9th Cir.1988) (per curiam) (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.1986)). If the district court does not consider these factors explicitly, then we review the record independently to determine whether the district court abused its discretion. Henderson, 779 F.2d at 1424.
 
 
 14
 The district court dismissed Chen's action without prejudice pursuant to local rule 12 for failure to prosecute following Chen's failure to respond to or appear at the hearing on HUD's motion to dismiss. Under local rule 12.3, Chen had constructive notice that, by failing to appear at the August 18 hearing without notifying the court, he risked dismissal of his action for lack of prosecution. See U.S.Dist.Ct.Loc.R. 12.3; Jacobsen v. Filler, 790 F.2d 1362, 1364-65 (9th Cir.1986) (pro se parties are not excused from knowing the rules of the court).
 
 
 15
 Moreover, Chen was not prejudiced by the dismissal. The district court softened the harshness of the sanction by dismissing Chen's action without prejudice, thus providing Chen "an opportunity to return and prosecute his claims another day." See Ash, 739 F.2d at 496-97 (noting that dismissal without prejudice is a more easily justified sanction for lack of prosecution). Furthermore, because the applicable statute of limitations did not expire while the case was pending in district court, the dismissal without prejudice was not a drastic sanction. See Carey, 856 F.2d at 1441.[3] Given the fact that Chen had notice and was not prejudiced by the dismissal and upon weighing all the relevant factors, we find the district court did not abuse its discretion by dismissing Chen's action. See id.; Ash, 739 F.2d at 496-97.
 
 
 16
 AFFIRMED IN PART, DISMISSED IN PART, AND VACATED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Chen provided a declaration stating that he arrived at the courthouse at 9:50 a.m. on August 18, 1992 but had difficulty finding the courtroom
 
 
 [2]
 On January 4, 1993, by minute order, the district court denied Chen's motion for relief from judgment and directed HUD to prepare a proposed order. The minute order did not specify whether the action was dismissed with or without prejudice. The order submitted by HUD and signed by the district court on January 11, 1993 stated that the action was dismissed "with prejudice."
 
 
 [3]
 Chen was not prejudiced by the dismissal without prejudice. Under Cal.Civ.Proc.Code § 338(d), the statute of limitations for an action for relief on the ground of fraud is three years from the discovery of the facts constituting the fraud. In his brief, Chen stated that he discovered the fraud on June 15, 1988. Nevertheless, he did not file his complaint until June 10, 1992, almost one year after the statute of limitations on the fraud claim had expired. Therefore, because the statute of limitations had already expired when Chen filed his action he was not prejudiced by the dismissal
 Neither did the dismissal prejudice Chen's breach of contract claim. Under California law there is a five-year statute of limitations on actions arising out of title to real property. Cal.Civ.Proc.Code § 319. The alleged contract giving rise to Chen's breach of contract claim was executed on November 24, 1987. The district court dismissed Chen's action without prejudice on November 9, 1992. Thus, Chen had an opportunity to file a new complaint before the statute of limitations on his second claim expired. Thus, he was not prejudiced by the dismissal without prejudice.