12 F.3d 1105
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles Michael BYERS, Plaintiff-Appellant,
v.
UNITED STATES NAVY, Defendant-Appellee.
 No. 93-15121.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1993.
Decided Nov. 29, 1993.
 
 Before: SCHROEDER, D.W. NELSON, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Charles M. Byers appeals pro se the district court's denial of his third motion for reconsideration of the court's summary judgment in favor of the government in Byers's action under the Freedom of Information Act (FOIA). Byers contends that the United States Navy failed to deliver all of the information he requested. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 The district court may reconsider its grant of summary judgment under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment). Under either theory, we review a denial of a motion to reconsider for abuse of discretion. Fuller v. M.G. Jewelry, 950 F.2d 1437, 1441 (9th Cir.1991).
 
 
 4
 A Rule 59 motion must be filed within ten days after entry of the judgment. Fed.R.Civ.P. 59(e); Scott v. Younger, 739 F.2d 1464, 1467 (9th Cir.1984). A motion for reconsideration that is not timely under Rule 59(e) may be treated as a motion for relief from judgment under Rule 60(b). Gould v. Mutual Life Ins. Co., of N.Y., 790 F.2d 769, 772 (9th Cir.), cert. denied 479 U.S. 987 (1986). To obtain relief under Rule 60(b), the moving party must show: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from operation of judgment. Backlund v. Barnhart, 778 F.2d 1386, 1388 (9th Cir.1985). Relief under Rule 60(b)(6) requires a finding of extraordinary circumstances. Id.
 
 
 5
 Here, on May 11, 1992, the district court granted summary judgment for the Navy and entered judgment in Byers's action. On June 4, 1992, Byers filed his first request for reconsideration. Because the pleading did not comply with Rule 10(c)(1) of the Local Rules of the United States District Court, District of Arizona, the district court struck the pleading from the record. On July 29, 1992, Byers filed a notice of appeal from the order striking his request for reconsideration. This court dismissed Byers's appeal for lack of jurisdiction. Byers v. United States Navy, No. 92-16425 (9th Cir. Oct. 21, 1992) (appeal dismissed). Byers filed a second request for reconsideration on October 20, 1992. On November 6, 1992, the district court struck the motion for lack of jurisdiction because this court had not yet issued its mandate in Byers's appeal. Byers filed a third request for reconsideration on November 24, 1992. Although Byers never indicated under which Federal Rule of Civil Procedure he brought his motion, the district court denied the motion as untimely under Rule 59(e).
 
 
 6
 Treating Byers's motion for reconsideration as one brought under Rule 59(e), the district court did not err by denying the motion because it was filed more than ten days after the entry of judgment. See Fed.R.Civ.P. 59(e); Younger, 739 F.2d at 1467. Byers's motion was also properly denied if brought pursuant to Rule 60(b). In the motion, Byers alleged that various government agencies conspired against him and requested that the district court (1) reinstate his FOIA action; (2) appoint counsel; and (3) grant him access to a Federal Grand Jury to present evidence of the conspiracy. Because Byers's motion failed to set forth any of the grounds for relief from judgment under Rule 60(b), the district court properly denied the motion. See Backlund, 788 F.2d at 1388.
 
 
 7
 On appeal, Byers apparently also challenges the underlying grant of summary judgment on his FOIA claim. Although a timely motion for reconsideration under Rule 59 tolls the time for appealing the underlying judgment, see Taylor v. Knapp, 871 F.2d 803, 805 (9th Cir.), cert. denied, 493 U.S. 868 (1989), an appeal from a denial of a Rule 60(b) motion does not bring up the merits of the underlying judgment for review, see Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir.1989). Because Byers's notice of appeal was not timely as to the underlying summary judgment, and Byers's motion was not timely under Rule 59(e), we lack jurisdiction to review the summary judgment. See Taylor, 871 F.2d at 805.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3