78 F.3d 594
 77 A.F.T.R.2d 96-1361
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Henry J. OLLERDESSEN, Plaintiff-Appellant,
v.
UNITED STATES of America, and Frutec, Inc., a corporation,
Defendants-Appellees.
 No. 94-16857.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 27, 1995.*
Decided March 4, 1996.
 
 Before: PREGERSON, CANBY, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Henry Ollerdessen appeals the district court's order denying his Rule 60(b) motion. He contends the district court erred when it denied his motion for lack of jurisdiction. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we vacate and remand.
 
 
 3
 We generally review for an abuse of discretion a district court's final order on a Rule 60(b) motion. Gould v. Mutual Life Ins. Co., 790 F.2d 769, 771 (9th Cir.), cert. denied, 479 U.S. 987 (1986). However, we review de novo questions of jurisdiction concerning Rule 60(b) motions. Carriger v. Lewis, 971 F.2d 329, 332 (9th Cir.1992) (en banc), cert. denied, 507 U.S. 992 (1993).
 
 
 4
 On December 10, 1992, Ollerdessen filed a wrongful levy action against the United States and Frutec, Inc. On August 10, 1993, the district court dismissed Ollerdessen's action against Frutec for failure to state a claim. On August 16, 1993, the district dismissed the remainder of the action for failure to prosecute. On October 8, 1993, Ollerdessen appealed the district court's order of August 10, 1993. Ollerdessen did not appeal the district court's August 16, 1993 order.
 
 
 5
 On August 11, 1994, while his appeal of the August 10, 1993 order was pending, Ollerdessen filed a Rule 60(b) motion seeking relief from the district court's order of August 16, 1993. On August 24, 1994, the district court denied relief, citing Smith v. Lujan, 588 F.2d 1304, 1307 (9th Cir.1979) (district court lacks jurisdiction to consider 60(b) motion while appeal is pending).
 
 
 6
 Ollerdessen contends the district court erred when it concluded that it lacked jurisdiction to consider the Rule 60(b) motion. We agree.
 
 
 7
 Ollerdessen's October 8, 1993 appeal was limited to the district court's August 10, 1993 order dismissing Ollerdessen's action against Frutec for failure to state a claim. Because Ollerdessen never appealed the district court's order of August 16, 1993, the district court could entertain a Rule 60(b) motion limited to consideration of the court's August 16, 1993 order. See In re Thorp, 655 F.2d 997, 998 (9th Cir.1981) (per curiam) (notice of appeal divests district court of jurisdiction "over any matters involved in the appeal"); 9 Moore's Federal Practice p 203.11 at 3.47 (same); see also Fed.R.App.P. 3(c) (the notice of appeal shall designate the judgment, order or part thereof appealed from); Hasbro Indus., Inc. v. M/S St. Constantine, 705 F.2d 339, 343 (9th Cir.) (per curiam) (appellate court lacks jurisdiction over issue raised in district court but not raised on appeal), cert. denied, 464 U.S. 1013 (1983); cf. Gould, 790 F.2d at 772 (district court is divested of jurisdiction where the underlying judgment has been appealed).
 
 
 8
 Accordingly, we vacate the district court's order of August 24, 1994 and remand for the district court to consider Ollerdessen's August 11, 1994 motion. We express no opinion on the merits of Ollerdessen's Rule 60(b) motion.[1]
 
 
 9
 VACATED and REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Ollerdessen's motion to file an oversized reply brief is granted
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because the district court was never divested of jurisdiction as to its August 16, 1993 order, we reject the government's contention that the district court's order of August 24, 1994 denying Rule 60(b) relief was not a final order subject to appeal. Cf. Craig v. M/V Peacock on Complaint of Edwards, 760 F.2d 953, 955 n. 1 (9th Cir.1985); Crateo, Inc. v. Intermark, Inc., 536 F.2d 862, 869 (9th Cir.), cert. denied, 429 U.S. 896 (1976). We also reject the government's contention that this appeal is moot. This court's order of April 5, 1995, affirming the district court's order of August 10, 1993, does not preclude the district court from granting relief as to its August 16, 1993 order