132 F.3d 40
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lester TELLIS, Plaintiff-Appellant,
v.
S. GODINEZ, D. Moore; Robert Hume; Ron Angelone,
Defendants-Appellees.
 No. 97-15567.
 United States Court of Appeals, Ninth Circuit.
 Dec. 18, 1997.
Submitted Dec. 15, 1997.**
 
 Appeal from the United States District Court for the District of Nevada Lloyd D. George, District Judge, Presiding
 Before SNEED, LEAVY and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Lester Tellis, a Nevada state prisoner, appeals pro se the district court's denlal of his motion for reconsideration of the district court's order awarding Fellis $21.39 interest on his prison trust account and costs of $21.90. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]
 
 
 3
 We review the district court's denial of a Rule 60(b) motion for an abuse of discretion. See Thompson v. Housing Auth. of Los Angeles, 782 F.2d 829,. 832 (9th Cir.1986). An appeal from the denial of a Rule 60(b) motion places at issue only the denial of the motion for review, not the merits of the underlying decision. See Molloy v. Wilson, 878 F.2d 313, 315 (9th Cir.1989). A court may relieve a party from judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from operation of the judgment. See Fed.R.Civ.P. 60(b); Backlund v. Barnhardt, 778 F.2d 1386, 1388 (9th Cir.1985).
 
 
 4
 Because Tellis has not shown any of the bases enumerated in Rule 6C(b), the district court properly denied his motion. See id. Furthermore, we lack jurisdiction to consider Tellis's arguments on appeal because Tellis's notice of appeal was untimely. See Molloy, 878 F.2d at 315. Accordingly, the district court did not abuse its discretion by denying Tellis's motion for reconsideration. See Backlund, 778 F.2d at 1388.
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because Tellis's October 7, 1996, motion for reconsideration was made more than ten days after the entry of judgment, the motion is treated as a Fed.R.Civ.P. 60(b) motion. See Gould v. Mutual Life Insurance Co. of New York, 790 F.2d 769, 772 (9th Cir.1986)