145 F.3d 1336
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Abdul AZIZ, Plaintiff-Appellant,
v.
Saint Martin's College, Defendant-Appellee.
 No. 97-35613.
D.C. No. CV-96-05720-RJB.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 14, 1998**.
Decided May 22, 1998.
 
 On Appeal from the United States District Court for the Western District of Washington Robert J. Bryan, District Judge, Presiding.
 Before SCHROEDER, TROTT, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Abdul Aziz appeals pro se the district court's denial of his motion for reconsideration of an order granting summary judgment. Aziz brought this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), alleging that St. Martin's College unlawfully discriminated against him on the basis of his national origin and color when it failed to hire him for a full-time teaching position. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We construe Aziz's motion for reconsideration as a motion for relief from judgment under Fed.R.Civ.P. 60(b) because it was filed more than ten days after entry of judgment. See Gould v. Mutual Life Ins. Co. of New York, 790 F.2d 769, 772 (9th Cir.1986). In reviewing a Rule 60(b) motion, we review only the denial of the motion itself, not the merits of the underlying summary judgment motion. See Briones v. Riviera Hotel & Casino, 116 F.3d 379, 380 (9th Cir.1997) (per curiam). We review a denial of a Rule 60(b) motion for abuse of discretion. See id.
 
 
 4
 A district court may grant a Rule 60(b) motion only if the moving party shows "(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir.1993). In his Rule 60(b) motion, Aziz did not invoke any of the foregoing conditions, nor did he otherwise demonstrate that any of these conditions applies in this case. Accordingly, the district court did not abuse its discretion by denying Aziz's Rule 60(b) motion. See Backlund v.. Barnhart, 778 F.2d 1386, 1388 (9th Cir.1985); see also Briones, 116 F.3d at 380.
 
 
 5
 Aziz's "Motion for Considering a Supreme Court Opinion On FRCP 56(c) As An Addendum To His Informal Brief Filed Earlier," is denied. Appellee's request for sanctions is denied without prejudice. See Fed. R.App. P. 38.
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument or additional briefing. Accordingly, Aziz's "Request for Oral Argument to be Replaced by the Following Written Argument" is denied. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3