Jim DIMOV, in his Capacity as an Individual and as a Representative of those Similarly Situated, Plaintiff—Appellant,

v.

UNITED STATES DISTRICT COURT FOR the CENTRAL DISTRICT OF CALIFORNIA; Sherri R. Carter, Clerk of the United States District Court for the Central District of California, Defendants—Appellees.

No. 00–56466.
D.C. No. CV–00–02590–FMC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 6, 2001.

Decided Jan. 25, 2002.

Before LEAVY, T.G. NELSON, and W. FLETCHER, Circuit Judges.

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

MEMORANDUM \*

Jim Dimov appeals the district court's dismissal with prejudice of his action seeking a declaration that Local Rule 27A of the United States District Court for the Central District of California and Cal.Code Civ. Proc. § 391 (West 2001), both of which concern vexatious litigants, are unconstitutional. Dimov also appeals the denial of his Fed.R.Civ.P. 60(b) motion for relief from judgment in which he asserted that the district court judge should have recused herself. We have jurisdiction under to review the dismissal pursuant to 28 U.S.C. § 1291 and we affirm in part and dismiss in part.

The district court did not err in dismissing Dimov's complaint challenging the constitutionality of District Court Local Rule 27A and Cal.Code Civ. Proc. § 391. Dimov's assertion that, because he was adjudicated to be a vexatious litigant by the California state court, Local Rule 27A bars him from bringing a lawsuit *pro se* in federal court, is based on a misunderstanding of the interplay between the local rule and the California statute. Local Rule 27A's only reference to Cal.Code Civ. Proc. § 391 is permissive and concerns procedures, not substance. Because Local Rule 27A has never been applied to Dimov, he has suffered no injury traceable to the rule and does not have standing to challenge its constitutionality. *See Clark v. City of Lakewood,* 259 F.3d 996, 1006 (9th Cir. 2001) (citations omitted).

Under the *Rooker–Feldman* doctrine, the district court lacked jurisdiction over Dimov's challenge to Cal.Code Civ. Proc. § 391. *Rooker v. Fid. Trust Co.,* 263 U.S. 413, 415–16, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *D.C. Ct. of App. v. Feldman,* 460 U.S. 462, 486, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). Dimov's federal constitutional

**668**

claims concerning Cal.Code Civ. Proc. § 391 were inextricably intertwined with the state court's decision, because the district court could not have found in favor of Dimov on his constitutional claims without holding that the state court had erred in imposing the order declaring him to be a vexatious litigant. Thus, the district court properly dismissed this claim under *Rooker–Feldman. See Doe & Assocs. Law Offices v. Napolitano,* 252 F.3d 1026, 1030 (9th Cir.2001) (citations omitted).

Dimov's filing of his notice of appeal on the same day he filed his Fed.R.Civ.P. 60(b) motion for relief from judgment divested the district court of jurisdiction to consider his motion. *See Gould v. Mutual Life Ins. Co.,* 790 F.2d 769, 772 (9th Cir. 1986). Moreover, "where the underlying judgment has been appealed, denial of a motion for relief from that judgment is a nonappealable order." *Id.* Accordingly, we dismiss Dimov's appeal from the denial of his Rule 60(b) motion.

AFFIRMED IN PART, DISMISSED IN PART

[***] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.