ARCO ENVIRONMENTAL REMED-
IATION, L.L.C, aka Aerl, Plaintiff-
counter-defendant—Appellee,

and

Estate of Dominic Difrancesco; Evelyn
Difrancesco, Counter-claimants—
Appellants,

v.

RDM MULTI–ENTERPRISES, INC.,
Defendant-counter-claimant—
Appellant,

and

Tamko Roofing Products, Inc.; Atlantic
Richfield Company, a Delaware corpo-
ration; Sandra Stash, Counter-defen-
dants—Appellees.

No. 04–35921.

D.C. No. CV–99–00045–CSO.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 11, 2006.*

Decided Jan. 23, 2006.

---

* This panel unanimously finds this case suit-
able for decision without oral argument.

Fed. R.App. P. 34(a)(2).

**930**

John P. Davis, Esq., Lisa A. Levert, Poore Roth & Robinson, PC, Butte, MT, for Plaintiff–Counter–Defendant–Appellee.

Marcia A. Devon, Esq., Devon & Associates, Long Beach, CA, for Counter–Claimant–Appellant and Defendant–Counter–Claimant–Appellant.

James H. Goetz, Esq., Goetz, Gallik, Baldwin & Dolan, P.C., Attorneys at Law, Bozeman, MT, for Counter–Defendant–Appellee.

Before KLEINFELD, GRABER, and BEA, Circuit Judges.

## MEMORANDUM **

RDM Multi–Enterprises, Inc., Evelyn DiFrancesco, and the Estate of Dominic DiFrancesco appeal the district court's entry of default judgment in favor of Plaintiff ARCO Environmental Remediation, LLC, and dismissal of RDM's counterclaims. They request a remand so that the district court can consider RDM's motion to vacate the default and dismissal. Further, RDM and the DiFrancescos argue that the district court abused its discretion in allowing their former counsel to withdraw.

█ 1. The district court did not abuse its discretion, *Estrada v. Speno & Cohen,* 244 F.3d 1050, 1056 (9th Cir.2001), in entering a default judgment in favor of ARCO. RDM failed to retain a lawyer so that the litigation could proceed, even after being ordered several times to do so, and failed to file either an answer to the amended complaint or a response to ARCO's second motion for default and dis-

missal. The district court gave RDM numerous chances; default was an appropriate sanction under the circumstances. *See United States v. High Country Broad. Co.,* 3 F.3d 1244, 1245 (9th Cir.1993) (per curiam). The district court also acted within its discretion in dismissing RDM's counterclaims. It properly weighed the factors articulated in *Pagtalunan v. Galaza,* 291 F.3d 639, 642 (9th Cir.2002), and found that all five weighed in favor of dismissal.

█ 2. The district court correctly held that it lacked jurisdiction to consider RDM's motion to vacate the default judgment because RDM had already filed a notice of appeal. *Gould v. Mut. Life Ins. Co. of N.Y.,* 790 F.2d 769, 772 (9th Cir. 1986). A remand would be futile because the district court found that RDM and the DiFrancescos had not shown excusable neglect, even if the motion were before it. On this record, that finding was proper.

█ 3. Although RDM is correct that the district court's decision to grant its lawyer's motion to withdraw left the corporation unrepresented, there was no abuse of discretion. *LaGrand v. Stewart,* 133 F.3d 1253, 1269 (9th Cir.1998). The record shows that RDM and the DiFrancescos were not cooperating or assisting their lawyer with the representation. The district court could have denied the motion until substitute counsel had been retained, but RDM cites no authority, and we find none, for the proposition that not doing so was an abuse of discretion. There is no right to counsel in a civil case, so RDM's constitutional arguments are unavailing.

AFFIRMED.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.