**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

WILLIAM SANFORD GADD,

          Petitioner - Appellant,

  v.

UNITED STATES OF AMERICA,

          Respondent - Appellee.

No. 07-16968

D.C. No. 06-cv-00651-RCC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Raner C. Collins, District Judge, Presiding

Submitted February 16, 2010[**]

Before:    FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

    Federal prisoner William Sanford Gadd appeals pro se from the district

court's denial of the motion he filed pursuant to Federal Rule of Civil Procedure

60(b).  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we dismiss.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

JC/Research

Gadd contends the district court erred by denying his motion based on procedural grounds. "[W]here the underlying judgment has been appealed, denial of a motion for relief from that judgment is a nonappealable order." *Gould v. Mutual Life Ins. Co. of N.Y.*, 790 F.2d 769, 772 (9th Cir. 1986). The proper procedure to seek Rule 60(b) relief during the pendency of an appeal is to ask the district court whether it wishes to entertain the motion, or to grant it, and then move this court, if appropriate, for remand of the case. *Scott v. Younger*, 739 F.2d 1464, 1466 (9th Cir. 1984). "If that route is not taken, an appeal of the denial of the [Rule 60(b) motion] is subject to dismissal." *Gould*, 790 F.2d at 772.

In this case, the district court dismissed Gadd's habeas corpus petition. Gadd then filed a notice of appeal. While his appeal was pending, he filed a Rule 60(b) motion in the district court. However, Gadd failed to follow the proper procedure in seeking to have the district court rule on his Rule 60(b) motion. Accordingly, we dismiss Gadd's appeal. *See Scott*, 739 F.2d at 1466.

Finally, we deny Gadd's request to expand the certificate of appealability to include his claim that the district court in West Virginia did not have jurisdiction to indict him. *See Hiivala v. Wood*, 195 F.3d 1098, 1103-05 (9th Cir. 1999) (per curiam).

**DISMISSED.**