**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DARRELL J. MOORE, Sr., | No. 11-56543 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-07632-GW-CW |
| v. | |
| HOUSING AUTHORITY OF THE CITY OF LOS ANGELES; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted July 24, 2013[**]

Before:   ALARCÓN, CLIFTON, and CALLAHAN, Circuit Judges.

   Darrell J. Moore, Sr., appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging that defendants conspired and

retaliated against him for his advocacy on behalf of low-income tenants.  We have

---

   [*]   This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]   The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). We affirm.

The district court properly dismissed Moore's claims against Judge White because Judge White is immune from suit for damages. *See Mireles v. Waco*, 502 U.S. 9, 9, 11-12 (1991) (per curiam) (judges are absolutely immune from suits for damages based on their judicial conduct except when performing nonjudicial functions or acting in the complete absence of jurisdiction).

The district court did not abuse its discretion in dismissing without leave to amend because the deficiencies in Moore's complaint could not be cured by amendment. *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000) (en banc) (setting forth standard of review and explaining that leave to amend should be given unless the deficiencies in the complaint cannot be cured by amendment).

The district court did not abuse its discretion in denying Moore's motion to vacate the judgment because Moore's filing of his notice of appeal divested the district court of jurisdiction. *See Gould v. Mutual Life Ins. Co.*, 790 F.2d 769, 771-72 (9th Cir. 1986) (setting forth standard of review and explaining that the filing of a notice of appeal divests the district court of jurisdiction to consider a motion to vacate the judgment).

Moore's contention that the district court treated him unfairly is not supported by the record.

We do not consider matters raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**