Kenneth C. SMITH, Plaintiff-Appellee,

v.

Manuel U. LUJAN, Administrator of the Estate of Pedro Camacho Lujan, deceased, Defendant,

Julita Lujan Arriola and Jovita Lujan Reyes, Defendants-Appellants.

Rosita R. Smith, Intervenor-Appellee.

No. 77–1900.

United States Court of Appeals, Ninth Circuit.

Jan. 5, 1979.

John A. Bohn (argued), Benicia, Cal., for defendants-appellants.

Robert D. Wyatt (argued), Joaquin C. Arriola (argued), Agana, Guam, for plaintiff-appellee.

Before CHAMBERS and ANDERSON, Circuit Judges, and KING, District Judge.*

CHAMBERS, Circuit Judge:

Julita Lujan Arriola and Jovita Lujan Reyes, the daughters and heirs of decedent Pedro C. Lujan, appeal from the judgment in favor of plaintiff Kenneth Smith,[1] ordering reexecution of a lease as to two lots (Nos. 2019–B and 2019–E in Tamuning, Dededo) which descended to them in fee from their father's estate.[2] They also seek to appeal from an order denying relief from the judgment under Rule 60(b), F.R.Civ.P.

The judgment ordered the reexecution of the lease, based on the district court's findings that one had been executed by Smith (as lessee) and the decedent (as lessor) in 1960, for a term of 30 years, renewable at Smith's option for another 20 years, at a monthly rate of $500. In their appeal from

---

\* The Hon. Samuel P. King, United States District Judge for the District of Hawaii, sitting by designation.

1. Rosita S. Smith, plaintiff's former wife, was permitted to intervene as an appellee by this Court and she has prosecuted the appeal. Kenneth Smith has taken little, if any, role in it.

2. The action was against the Administrator of the Lujan Estate, but his daughters were permitted to intervene as parties defendant after the lots were distributed to them as tenants in common. The present administrator has taken no role in the appeal.

the judgment, appellants contend that evidence was improperly admitted in violation of Guam's "dead man" statute, Guam Code of Civil Procedure, Section 1880(3). They also contend that the evidence was insufficient to support the judgment. We reject both arguments.

The Guam Code of Civil Procedure is based on the California Code of Civil Procedure and Section 1880(3) is identical to Section 1880(3) of the California Code of Civil Procedure prior to its repeal in 1967. It prohibits the introduction of testimony or documentary evidence from parties or their assignees, against the decedent's representative:

> ". . . upon a claim, or demand against the estate of a deceased person, as to any matter or fact occurring before the death of such deceased person."

California has consistently interpreted this language as applying only to money demands against the estate. *E. g. Bollinger v. Wright*, 143 Cal. 292, 76 P. 1108 (1904). Appellants recognize this but argue that California law should not be consulted. They admit, as they must, that Guam courts often rely on California law in interpreting the provisions of the Guam Code of Civil Procedure. They offer no satisfactory authority for their argument that it was improper to do so in this instance. Absent controlling Guam authority interpreting Section 1880(3), it was appropriate to look to California law for guidance and to hold that a suit in equity for reexecution of a lost lease is not a "claim, or demand against the estate."

Appellants' claim of insufficiency of the evidence is similarly without merit. There was ample evidence to support the judgment, particularly in view of the traditional presumptions available to the appellee on appeal. Kenneth Smith testified that in 1963 he was asked by the attorney for the Lujan estate to discuss arrearage in rents due from the lots in question. At that time he took his executed copy of the 1960 lease, one bearing original signatures, and met with the attorney. A copy of his executed copy was made on the attorney's Thermofax machine but apparently he left his executed copy at the office and did not retrieve it. In 1968, when Smith was contemplating subletting the property, he realized that his copy was missing and could not locate any other copy bearing original signatures. He asked the administrator to execute a new lease and, on advice of counsel, the administrator petitioned the Island Court (now Superior Court of Guam) for permission to do so. The petition was granted and a new lease executed for the unexpired term of the 1960 lease. As we discuss more fully below, this 1968 lease was later held to be void, thus prompting the instant suit in district court.

Appellants admit receiving rents from Kenneth Smith for the two lots since their father died.[3] The main disagreement is not as to the existence of a leasehold agreement, but rather its terms. Kenneth Smith offered the Thermofax copy of the lease in evidence, he testified that it represented the terms agreed upon in 1960, and that it was a copy of the original lease. The only signature visible on it, however, was that of the notary. The notary testified that it was his signature and he and the estate attorney offered other testimony that corroborated Smith's evidence in significant respects. In addition, there was expert testimony that the absence of visible signatures on the Thermofax copy might be explained by the inability of that process to reproduce certain types of ink.

The evidence was sufficient to support the conclusions that the written lease had been executed in 1960 and that the Thermofax copy was a reliable copy of that lease and reflected its terms. Appellants' attack on the sufficiency of the evidence is largely an attack on the credibility of witnesses and we have no reason to interfere with the trial court's findings on those matters. See

---

3. They have also claimed that his payments were irregular and that he allowed arrearages to develop.

*United States v. Oregon State Medical Soc.*, 343 U.S. 326, 332, 72 S.Ct. 690, 96 L.Ed. 978 (1952).

■ In 1972, the Island Court determined that in the 1968 proceedings proper notice had not been given to appellants, who were heirs. As a result, it had been without jurisdiction and the 1968 lease was void. Appellants argue that the 1972 order operates to bar the present litigation, under the doctrine of res judicata. We are dealing here with a traditional suit in equity for the reexecution of a lost instrument. The issues to be determined on the merits were whether a lease was executed in 1960 and, if so, its terms, and whether the executed copies were indeed lost. The 1972 order of the Island Court determined only that that court has been without jurisdiction to order the administrator to execute the 1968 lease; it did not dispose of the present issues on their merits. The doctrine of res judicata extends only to issues that have been litigated on their merits in another action (*Parker v. Westover*, 221 F.2d 603 (9th Cir. 1955); *Boling v. United States*, 231 F.2d 926 (9th Cir. 1956)) and it is therefore not applicable in this case.

The judgment was followed by a motion under Rule 60(b) for relief from judgment, which was denied prior to the filing of the notice of appeal from the judgment. Appellants raise no issues on appeal related to that motion.

■ Following the filing of the notice of appeal, another Rule 60(b) motion was made in district court, where it was filed, entertained and denied. Appellants seek to appeal that order of denial, but the district court had no jurisdiction to make the order appealed from. The district court could not dispose of the motion, after the notice of appeal had been filed, without a remand from this court. The proper method of proceeding is described in *Crateo, Inc. v.*

*Intermark, Inc.*, 536 F.2d 862 (9th Cir. 1976); *Canadian Ingersoll-Rand Co. v. Peterson Products*, 350 F.2d 18 (9th Cir. 1965); *Creamette Co. v. Merlino*, 289 F.2d 569 (9th Cir. 1961); and *Greear v. Greear*, 288 F.2d 466 (9th Cir. 1961). Appellants should have asked the district court to indicate if it wished to entertain the motion, or to grant it, and then (if appellants thought it appropriate) they could have moved this court for remand of the case. This was not done. Accordingly, the attempted appeal is dismissed.

■ We are aware of the district court's intent to deny relief as requested in the Rule 60(b) motion, and in the interest of judicial economy, we are inclined in this case [4], to treat the notice of appeal from the Rule 60(b) order as a motion for remand. In that framework, we will consider the arguments made in appellants' motion. The motion under Rule 60(b)(5) proceeds on the premise that as Kenneth Smith has permitted a default to be taken against him in an action to quiet title in the Superior Court of Guam (an action filed after entry of judgment in this case) ". . . it is no longer equitable that the judgment [of the district court] should have prospective application." The record before us includes a proposed answer (later abandoned) to the quiet title action in which Kenneth Smith alleges that his interest in the leasehold has been transferred to Rosita S. Smith, the appellee in intervention. Rosita S. Smith's motion to intervene similarly indicated that she had an interest in the leasehold. We therefore have the same concern as that expressed by the district court in its order of May 17, 1977, (albeit an order made when the court had no jurisdiction) that Smith's default should not be deemed as conclusive of the claims or rights of others who possibly hold under him.[5] The existence of such rights in the leasehold can better be determined elsewhere. Moreover, the district

---

4. We might not be so inclined in another case presenting other facts. We note, inter alia, that in this case the appellees objected properly (but unsuccessfully) to the district court attempting to exercise jurisdiction after the appeal had been taken from the final judgment.

5. The judgment of the district court, in favor of plaintiff Kenneth Smith, is not invalidated by the failure of Rosita S. Smith, or anyone else claiming an interest, to be joined in the action. Rule 25, F.R.Civ.P.; *Sun-Maid Raisin Growers of California v. California Packing Corp.*, 273 F.2d 282 (9th Cir. 1959).

**1308**

court would not be obliged at this stage of the proceedings to make determinations on questions of fact and law as to appellants' claims of a breach of the lease by Smith or those holding under him. Treating the motion under Rule 60(b) as a motion for remand, we deny the remand.

■ The appellants also filed another post-judgment motion which the court entertained and granted as there was no objection from appellee. It was a motion for correction of clerical error in the judgment under Rule 60(a), F.R.Civ.P. No attack has been made on the order granting relief but we cannot ignore the jurisdictional problem and therefore act sua sponte. The district court once again acted without jurisdiction. It might act to correct clerical error under Rule 60(a) only on obtaining leave of this court. No request for leave was made and no leave was granted. We therefore remand to the district court for the limited purpose of permitting an application for relief under Rule 60(a) and permitting the district court to respond to that motion. In all other respects the judgment is affirmed.