**UIAGALELEI IONA, Appellant**

**v.**

**FALE FAI'AI, Appellee**

High Court of American Samoa
Appellate Division

AP No. 31-88

September 13, 1989

Before CANBY,* Acting Associate Justice, THOMPSON,** Acting
Associate Justice, and MATA'UTIA, Associate Judge.

---

\* Honorable William C. Canby, Jr., Judge, United States Court of Appeals for the
Ninth Circuit, serving by designation of the Secretary of the Interior.

\** Honorable David R. Thompson, Judge, United States Court of Appeals for the
Ninth Circuit, serving by designation of the Secretary of the Interior.

Counsel: For Appellant, Aitofele Sunia
 For Appellee, Charles V. Ala'ilima

Per Thompson, J.:

This case began when Satele sought a permanent injunction in the trial court to stop construction of a structure he claimed was being built on his land. The trial court rendered judgment on December 18, 1987 in the case. The court's findings of fact, conclusions of law, and order are set forth at 6 A.S.R.2d 143. Satele, Uiagalelei and Tuiasosopo appealed from that judgment (appeals Nos. 5-88, 7-88 and 8-88). The appellate division affirmed the trial court in an opinion published at 9 A.S.R.2d 19 (1988). While the appeals were pending, Uiagalelei filed a motion in the trial court styled a "Motion for New Trial or Relief from Judgment." This motion was grounded on the discovery of what Uiagalelei stated was new evidence. As a new trial motion, the motion was filed approximately seven months too late. The trial court construed the motion as a motion for relief from judgment under Territorial Court Rule of Civil Procedure 60(b), and denied the motion by order filed September 20, 1988. *Satele v. Uiagalelei*, 8 A.S.R.2d 97 (1988). Uiagalelei appeals from the denial of this motion.

At the outset we note the possibility of a jurisdictional problem created by the trial court's entertaining a Rule 60(b)motion while an appeal from the underlying judgment was pending. To the extent such a problem may have existed, however, we conclude it does not prevent us from hearing this appeal. If the trial court was not deprived of jurisdiction by the filing of the notice of appeal, then the appeal from its order denying the 60(b) motion would be in order. If the trial court was deprived of jurisdiction because a notice of appeal had been filed, we can, in the interest of judicial economy, treat the notice of appeal from the Rule 60(b) order as a motion for a limited remand of the case to the trial court to permit it to consider the motion. *See Smith v. Lujan*, 588 F.2d 1304, 1307 (9th Cir. 1979). In this framework we can consider in this appeal the arguments made in the appellants' motion and the trial court's ruling on it. *Id.*

Turning to the merits of the appeal, we affirm the trial court's denial of the Rule 60(b) motion. The motion was premised on what was alleged to be newly discovered evidence. Rule 60(b) provides in pertinent part that a party may be relieved from judgment on the ground of "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial . . . ." The new

evidence which was proffered in support of the motion consisted of certain statements made at the hearing of *Fauolo v. Tauvaelua*, 1 A.S.R. 260 (1912), and in the pleadings of *Teo v. Siatafu*, 1 A.S.R. 327 (1921).

Counsel for Uiagalelei explained at the hearing on the Rule 60(b) motion that he had not found the *Fauolo* and *Teo* cases because their captions did not refer to the land called Fasamea, which was the land involved in the litigation. The trial court concluded, however, that this was insufficient reason not to have discovered the "new" evidence. We agree. As the trial court noted, more thorough research could have unearthed the *Fauolo* and *Teo* cases, and in any event the evidence which apparently was disclosed by these cases could have been obtained through normal pretrial discovery directed at one of the parties in the pending litigation. Thus, there was an insufficient showing that the newly discovered evidence could not have been discovered in the exercise of due diligence before trial or within ten days after trial.

We also agree with the trial court that even if the newly discovered evidence had been discovered and presented at trial, it would have made no difference in the outcome of the case. *See* Trial Court Decision filed September 20, 1988 in *Satele v. Uiagalelei*, 8 A.S.R.2d 97, 101-06 (1988).

The trial court's order denying Uiagalelei's motion is AFFIRMED.