995 F.2d 232
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard E. MOULTON, Plaintiff-Appellant,
v.
Kenneth C. CORY, Defendant-Appellee.
 No. 92-16743.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 12, 1993.*
Decided May 25, 1993.
 
 Before HUG, WIGGINS and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard E. Moulton appeals pro se the district court's denial of his motion for reconsideration of its order denying his request that the court indicate its willingness to entertain his Fed.R.Civ.P. 60(b) motion to vacate judgment. We dismiss for lack of jurisdiction.[1]
 
 BACKGROUND
 
 3
 On July 19, 1991, the district court dismissed Moulton's legal malpractice action against his former attorney, Kenneth C. Cory, for failure to attend a scheduled deposition. Moulton filed a timely notice of appeal.
 
 
 4
 On July 20, 1992, during the pendency of the appeal, Moulton filed a "Motion for Leave to Apply for Remand from the Court of Appeals and Motion for Relief From Judgment," in which he asked the district court to indicate its willingness to entertain a Rule 60(b) motion in order to enable him to move this court for remand of his case.
 
 
 5
 On August 10, 1992, we affirmed the district court's judgment dismissing Moulton's legal malpractice action against Cory. See Moulton v. Cory, No. 91-16485, unpublished memorandum disposition (9th Cir. Aug. 10, 1992). Moulton filed a timely petition for rehearing and suggestion for rehearing en banc.
 
 
 6
 On August 17, 1992, shortly after our decision was rendered, the district court denied Moulton's motion to entertain his Rule 60(b) motion. On September 16, 1992, Moulton filed a motion for reconsideration, which the district court denied. Moulton appeals the denial of this motion.
 
 
 7
 On December 10, 1992, we denied Moulton's petition for rehearing and suggestion for rehearing en banc in No. 91-16485. On April 13, 1993, we issued the mandate.
 
 DISCUSSION
 
 8
 The filing of a notice of appeal divests the district court of jurisdiction to consider a Fed.R.Civ.P. 60(b) motion to vacate judgment. Gould v. Mutual Life Ins. Co., 790 F.2d 769, 772 (9th Cir.), cert. denied, 479 U.S. 987 (1986). To seek Rule 60(b) relief during the pendency of an appeal, the proper procedure is to ask the district court to indicate if it wishes to entertain the motion, and then move this court, if appropriate, for remand of the case. Smith v. Lujan, 588 F.2d 1304, 1307 (9th Cir.1979). The district court's denial of such a request is interlocutory in nature and not separately appealable. Scott v. Younger, 739 F.2d 1464, 1466 (9th Cir.1984). The denial of a motion for reconsideration of an otherwise non-appealable order is itself non-appealable. Branson v. City of Los Angeles, 912 F.2d 334, 336 (9th Cir.1990). We therefore lack jurisdiction to review the district court's denial of Moulton's motion for reconsideration of its order denying his request that the court indicate its willingness to entertain his Rule 60(b) motion. See id.; Scott, 739 F.2d at 1466.
 
 
 9
 DISMISSED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Cory's motion for attorney's fees and costs pursuant to Fed.R.App.P. 38 is denied