995 F.2d 232
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Chester A. MACKENTIRE, Jr., Plaintiff-Appellant,
v.
RICOH CORPORATION; Ricoh Co., Ltd. of Japan, Defendants-Appellees.
 No. 92-15609.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 25, 1993.*
Decided June 2, 1993.
 
 Before: HUG, WIGGINS and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 OVERVIEW
 
 2
 Chester A. Mackentire ("Mackentire") was laid off from his position with the File Products Division ("FPD") of Ricoh Corporation ("Ricoh"), an American subsidiary of a Japanese corporation, Ricoh, Ltd. He sues here contending that he was laid off because of his race (Caucasian) and national origin (American). He contends that the layoff violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"). He also contends that Ricoh breached his employment contract and is liable for that breach and for negligent infliction of emotional distress, deceit and negligent misrepresentation. Finally, he contends that Ricoh, Ltd. is liable for interference with contractual relations. Ricoh and Ricoh, Ltd. contend that the layoff was the result of business necessity because the FPD was losing large amounts of money and required downsizing and reorganization. The district court granted summary judgment for Ricoh. It found there was no evidence to support Mackentire's theory that the layoff was discriminatory, and that there was substantial evidence that it was due to business necessity. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 DISCUSSION
 
 3
 Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). We review grants of summary judgment de novo. T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 629 (9th Cir.1987).
 
 
 4
 Whether Mackentire was laid off due to business necessity is material to all his claims. Business necessity is a defense to Title VII claims, Clady v. Cty. of Los Angeles, 770 F.2d 1421, 1434 (9th Cir.1985), cert. denied, 475 U.S. 1109 (1986), and the terms of his employment included a provision that Mackentire could be laid off for business necessity. Thus both the Title VII and breach of contract claims are subject to summary judgment if there is no evidence to contradict Ricoh's evidence that business necessity was the reason for the layoff. As to Mackentire's other claims, all depend on Ricoh having breached the terms of his employment and are thus subject to summary judgment if his layoff did not breach his contract.
 
 
 5
 We agree with the district court. There was no genuine question that Mackentire was laid off due to the financial difficulty FPD was experiencing. Ricoh pointed to substantial evidence to this effect, and Mackentire pointed to none to support his contention that the real reason was discrimination. Ricoh offered affidavits stating that FPD was losing money, running into the millions of dollars annually. It also offered evidence that it reorganized the division to de-emphasize the product for which Mackentire was most responsible. It offered evidence that Mackentire's position was entirely eliminated, and that his work was taken on by two lower level personnel, both of whom were Caucasian and American. Given this strong evidence of a legitimate business motive, and the complete absence of any contrary evidence, summary judgment was appropriate.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, appellant's motion for oral argument is denied. Appellant also requests this court to stay appellate proceedings pending his Fed.R.Civ.P. 60(b) motion in the district court. As we have no indication that the district court is disposed to entertain that motion, we deny his request. Smith v. Lujan, 588 F.2d 1304, 1307 (9th Cir.1979)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3