67 F.3d 310
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sammy WILLIAMS, Petitioner-Appellant,
v.
George INGLE, Warden, California's Mental Health
Colony--Mens--Vacaville & California State Prison,
Vacaville; Attorney General of the
State of California,
Respondents-Appellees.
 No. 94-56728.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 18, 1995.*
Decided Sept. 27, 1995.
 
 Before: BROWNING, GOODWIN, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Sammy Williams, a California state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. Sec. 2254 petition. After Williams was convicted of first degree murder with use of a firearm, he was sentenced on November 10, 1988 to 27 years to life imprisonment. He contends the district court erred when it dismissed his petition for failure to state his claims with sufficient particularity. We accept the district court's factual findings unless clearly erroneous and review its conclusions of law de novo. Jones v. Meyer, 899 F.2d 883, 884 (9th Cir.), cert. denied, 498 U.S. 832 (1990). We vacate and remand.
 
 A. Jurisdiction
 
 3
 The state contends we lack jurisdiction to consider this appeal because Williams failed to timely appeal the district court's final order. We disagree.
 
 1. Background
 
 4
 On July 21, 1994, the magistrate judge recommended that the district court dismiss Williams's second amended petition without prejudice and with leave to amend. If Williams failed to cure the deficiencies of his petition within twenty days, the magistrate judge recommended that Williams's petition be dismissed with prejudice.
 
 
 5
 On September 1, 1994, the district court purported to adopt the "findings and conclusions" of the magistrate judge, dismissed Williams's petition without prejudice, and entered judgment.
 
 
 6
 On September 20, 1994, the district court filed Williams's notice of appeal. On that same date, the district court vacated its order of September 1, 1994 and granted Williams leave to file an amended petition by October 3, 1994.
 
 
 7
 On November 3, 1994, after noting Williams's failure to file an amended petition, the district court dismissed Williams's petition with prejudice on the ground that he had abandoned his action. Williams never appealed the district court's order of November 3, 1994.
 
 
 8
 2. Effect of September 1 and September 20, 1994 Orders
 
 
 9
 Because the district court entered judgment after dismissing Williams's petition without prejudice, the district court's order of September 1, 1994 was a final order subject to appeal. See Bankers Trust Co. v. Mallis, 435 U.S. 381, 385 (1978); United States v. Wallace & Tiernan Co., 336 U.S. 793, 794 n. 1 (1949). As Williams's notice of appeal is deemed filed on the day he deposited it in the prison's internal mail system, Williams's notice of appeal was "filed" before September 20, 1994 when it was filed in district court. See Fed.R.App.P. 4(c); Houston v. Lack, 487 U.S. 266, 276 (1988). Consequently, the district court's order of September 20, 1994, vacating its order of September 1, 1994, had no effect. See Bryant v. Ford Motor Co., 886 F.2d 1526, 1532 (9th Cir.1989) (notice of appeal divests a district court of jurisdiction over an action and district court's subsequent orders have no effect), cert. denied, 493 U.S. 1076 (1990); Smith v. Lujan, 588 F.2d 1304, 1307 (9th Cir.1979) (same). Accordingly, we have jurisdiction over this matter, see 28 U.S.C. Sec. 2253, and the state's motion to dismiss for lack of jurisdiction is denied.
 
 B. Exhaustion
 
 10
 Before Williams filed the instant petition, the district court had previously ordered his petition dismissed for failure to exhaust state remedies. When Williams returned to state court to exhaust state remedies, the California Supreme Court denied Williams's habeas petition, citing In re Waltreus, 397 P.2d 1001, 1005 (Cal.1965) (petitioner cannot relitigate claims on habeas which were already rejected on appeal); In re Dixon, 264 P.2d 513, 514 (Cal.1953) (petitioner cannot raise claims on habeas which were not but could have been raised on appeal); and In re Swain, 209 P.2d 793, 796 (Cal.1949) (court did not reach merits of claims which petitioner failed to allege with sufficient particularity)). See In Re Williams, No. S033283 (Cal. Aug. 25, 1993).
 
 
 11
 Because any claim denied with citation to Swain is denied without prejudice to refiling, see Swain, 34 Cal.2d at 304, Williams has not exhausted state remedies. See Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir.1986); Harris v. Superior Court, 500 F.2d 1124, 1128 (9th Cir.1974), cert. denied, 420 U.S. 973 (1975). Consequently, the district court should have dismissed Williams's petition without prejudice for failure to exhaust state remedies. See Rose v. Lundy, 455 U.S. 509, 520 (1982) (petitioner must exhaust every claim in state court before bringing any claim to federal court).
 
 
 12
 VACATED and REMANDED with instructions to dismiss without prejudice.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3