Jack K. STEIN, Petitioner–Appellant,

v.

Tana WOOD, Superintendent; Belinda D. Stewart, Respondents–Appellees.

No. 96–36213.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 22, 1997.*

Decided Nov. 4, 1997.

Jack K. Stein, Walla Walla, Washington, in pro se, for the petitioner-appellant.

Thomas J. Young, Assistant Attorney General, Olympia, Washington, for the respondents-appellees.

Before: HALL, BRUNETTI, and THOMAS, Circuit Judges.

CYNTHIA HOLCOMB HALL, Circuit Judge.

Washington state prisoner Jack K. Stein appeals pro se the district court's dismissal, for lack of jurisdiction, of his motion for an order directing his immediate release. We have jurisdiction to determine whether the district court had jurisdiction to decide petitioner's motion for release, and we review de novo. *See Carriger v. Lewis,* 971 F.2d 329, 332 (9th Cir.1992) (en banc). We hold that the district court did have jurisdiction over the motion. We therefore reverse and remand for consideration of the merits of the motion.

## I

### Background

Mr. Stein was convicted in state court of three counts of attempted murder in the first degree and one count of burglary in the first degree. He filed a 28 U.S.C. § 2254 habeas petition with the district court. The district court granted summary judgment against Stein's nine claims of trial error, but ordered an evidentiary hearing as to his two claims of ineffective assistance of counsel on appeal and excessive delay on appeal. After the evidentiary hearing, the district court granted Stein a writ of habeas corpus, finding that he was unconstitutionally deprived of his right to a direct appeal in state court. The court, however, conditioned Stein's release from custody; he would be released only if the state did not reinstate his right to a direct appeal within 90 days.

Mr. Stein then filed an appeal arguing that the district court erred in granting summary judgment against his trial claims and erred in its choice of the conditional release as a remedy for his direct appeal claims. In an unpublished disposition, this court affirmed the district court's summary judgment on these issues. *See Stein v. Wood,* No. 96–35694 (9th Cir. Sept. 22, 1997).

After the notice of appeal was filed, and before the appeal was decided, Stein filed a motion with the district court for an order directing his immediate release. He asserted that his direct appeal had not been reinstated within the requisite 90 days. The district court dismissed the motion for lack of jurisdiction, holding that once an appeal of a final order has been filed in the court of appeals, the district court loses jurisdiction to decide the motion. Stein timely appealed the dismissal for lack of jurisdiction.

## II

### Analysis

The issue in this case is whether Stein's appeal of the summary judgment against his trial claims, and his appeal of the choice of

conditional release as a remedy, divests the district court of jurisdiction to decide whether the condition that would trigger his release from custody has occurred.

### A

■ As a general rule, the filing of a notice of appeal divests a district court of jurisdiction over those aspects of the case involved in the appeal. *See Marrese v. American Academy of Ortho. Surgeons*, 470 U.S. 373, 379, 105 S.Ct. 1327, 1331, 84 L.Ed.2d 274 (1985). *See also Carriger v. Lewis*, 971 F.2d at 332 (citing *Smith v. Lujan*, 588 F.2d 1304, 1307 (9th Cir.1979)).

The rationale for this general rule is that it avoids "the confusion and waste of time that might flow from putting the same issues before two courts at the same time." *Kern Oil & Refining Co. v. Tenneco Oil Co.*, 840 F.2d 730, 734 (9th Cir.1988). This general rule is thus a rule of judicial economy. It does not rest on a statute and "should not be employed to defeat its purposes nor to induce needless paper shuffling." *Id.; see also Hoffman v. Beer Drivers*, 536 F.2d 1268, 1276 (9th Cir.1976) (general rule "is not a creature of statute and is not absolute in character.").

■ There are a number of exceptions to the general rule that a district court loses jurisdiction upon the filing of a notice of appeal. A district court may, for example, retain jurisdiction to correct clerical errors or clarify its judgment pursuant to Fed. R.Civ. P. 60(a). *Huey v. Teledyne*, 608 F.2d 1234, 1237 (9th Cir.1979); *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 654–55 (9th Cir.1991). A district court may retain jurisdiction when it has a duty to supervise the status quo during the pendency of an appeal, *Hoffman v. Beer Drivers*, 536 F.2d 1268, 1276 (9th Cir.1976), or in aid of execution of a judgment that has not been superseded. *In re Thorp*, 655 F.2d 997, 998 (9th Cir.1981). A district court may also retain jurisdiction by statute. *See Stone v. I.N.S.*, 514 U.S. 386, 401–02, 115 S.Ct. 1537, 1547–48, 131 L.Ed.2d 465 (1995) (district courts retain jurisdiction to decide Rule 60(b) motions even after an appeal is taken); *Doyle v. United States*, 721 F.2d 1195, 1197–98 (9th Cir.1983) (district court retained jurisdiction under former Fed. R.Crim.P. 35(a) to correct a sentence "at any time").

### B

■ This court has not squarely ruled on the issue presented. Thus, we look to other circuits for guidance. After an extensive statutory and historical analysis, the Sixth Circuit concluded that under Fed. R.App. P. 23,[1] a district court retains jurisdiction to issue orders regarding the custody or enlargement of a petitioner even after an appeal has been taken from the order granting or denying habeas corpus relief. *See Jago v. U.S. Dist. Ct., N. Dist. of Ohio*, 570 F.2d 618, 625–26 (6th Cir.1978). In *Jago*, the district court ordered the habeas petitioner's release unless the state began a new trial within 90 days. *Id.* at 619. The state appealed. *Id.* After the notice of appeal was filed, the habeas petitioner filed a renewed application for bail. *Id.* The district court granted bail and ordered the habeas petitioner released, noting that the 90–day period for a new trial had long since expired. *Id.* The appeals court held that the district court had jurisdiction to enforce the conditional release, reasoning that "the question concerning the physical custody of the defendant pending further review does not affect the matters involved in the appeal itself." *Id.* at 622; *see*

---

1. Fed. R.App. P. 23 is titled "Custody of Prisoners in Habeas Corpus Proceedings." It provides, in relevant part:

(b) Detention or release of prisoner pending review of decision failing to release. Pending review of a decision failing or refusing to release a prisoner in such a proceeding, the prisoner may be detained in the custody from which release is sought, or in other appropriate custody, or may be enlarged upon the prisoner's recognizance, with or without surety, as may appear fitting to the court or justice or judge rendering the decision, or to the court of appeals or to the Supreme Court, or to a judge or justice of either court.

(c) Release of prisoner pending review of decision ordering release. Pending review of a decision ordering the release of a prisoner in such a proceeding, the prisoner shall be enlarged upon the prisoner's recognizance, with or without surety, unless the court or justice or judge rendering the decision, or the court of appeals or the Supreme Court, or a judge or justice of either court shall otherwise order.

*also Workman v. Tate,* 958 F.2d 164, 167 (6th Cir.1992).

In *United States ex rel. Thomas v. New Jersey,* 472 F.2d 735, 742–43 (3rd Cir.1973), the Third Circuit conducted a similar historical and statutory review of Rule 23. The court also concluded that under the statute, a district court retains jurisdiction to order a habeas petitioner's release from state custody pending appeal. *Id.*

One district court in this circuit has recently followed the Sixth Circuit to hold that a district court retains jurisdiction to issue orders regarding the custody or enlargement of a petitioner even after an appeal has been taken. *See Franklin v. Duncan,* 891 F.Supp. 516, 518 (N.D.Cal.1995). We too believe that the Sixth and Third Circuits' position is sound. The plain language of Rule 23 gives the district court jurisdiction concurrent with the appeals court over the custody of a habeas petitioner. As the Supreme Court has made clear, a district court has broad discretion in conditioning a judgment granting habeas relief, including whether or not to release a prisoner pending appeal. *Hilton v. Braunskill,* 481 U.S. 770, 775, 107 S.Ct. 2113, 2118–19, 95 L.Ed.2d 724 (1987).

### III

### Conclusion

This is not a case where the district court would be deciding the same issues before the appeals court. The district court is merely deciding whether a condition placed on a habeas petitioner's custody has been met. Rule 23 plainly gives the district court jurisdiction to decide this issue. Therefore, we reverse the district court's dismissal of Stein's motion and remand for consideration of the motion.

**REVERSED, AND REMANDED.**