284 F.3d 1091
 A&M RECORDS, INC., a corporation; Geffen Records, Inc., a corporation; Interscope Records, a general partnership; Sony Music Entertainment, Inc., a corporation; MCA Records, Inc., a corporation; Atlantic Recording Corporation; Island Records, Inc., a corporation; Motown Record Company, LP, a limited partnership; Capitol Records, Inc., a corporation; La Face Records, a joint venture; BMG Music d/b/a The RCA Records Label, a general partnership; Universal Records, Inc., a corporation; Elektra Entertainment Group, Inc., a corporation; Arista Records, Inc., a corporation; Sire Records Group, Inc., a corporation; Polygram Records, Inc., a corporation;
Virgin Records America, Inc., a corporation; Warner Bros. Records, Inc., a corporation, Plaintiffs-Appellants,
v.
NAPSTER, INC., a corporation, Defendant-Appellee.
Jerry Leiber, individually and doing business as Jerry Leiber Music; Mike Stoller, individually and doing business as Mike Stoller Music; Frank Music Corporation, on behalf of themselves and all others similarly situated, Plaintiffs-Appellants,
v.
Napster, Inc., Defendant-Appellee.
In re Napster, Inc.,
A&M Records, Inc., a corporation; Geffen Records, Inc., a corporation; Interscope Records, a general partnership; Sony Music Entertainment, Inc., a corporation; MCA Records, Inc., a corporation; Atlantic Recording Corporation, a corporation; Island Records, Inc., a corporation; Motown Record Company, L.P., a limited partnership; Capitol Records, Inc., a corporation; La Face Records, a joint venture; BMG Music d/b/a The RCA Records Label, a general partnership; Universal Records, Inc., a corporation; Elektra Entertainment Group, Inc., a corporation; Arista Records, Inc., a corporation; Sire Records Group, Inc., a corporation; Polygram Records, Inc., a corporation; Virgin Records America, Inc., a corporation; Warner Bros. Records, Inc., a corporation; Andre Young; Metallica; Casanova Records; Jerry Leiber; Mike Stoller; Frank Music Corporation, Plaintiffs-Appellees, and
Tee Vee Toons; Matthew Katz; E/M Ventures; Creeping Death Music; Aftermath Entertainment; Emusic.Com, Inc.; The National Academy of Recording Arts & Sciences, Plaintiffs,
v.
Napster, Inc., Defendant-Appellant, and
Fred Drust; John Fanning; Hummer Winblad; Hank Barry; Bob Bozeman; Yosi Amram; Shawn Fanning, Defendants.
In re Napster, Inc.,
A&M Records, Inc., a corporation; Geffen Records, Inc., a corporation; Interscope Records, a general partnership; Sony Music Entertainment, Inc., a corporation; MCA Records, Inc., a corporation; Atlantic Recording Corporation, a corporation; Island Records, Inc., a corporation; Motown Record Company, L.P., a limited partnership; Capitol Records, Inc., a corporation; La Face Records, a joint venture; BMG Music d/b/a The RCA Records Label, a general partnership; Universal Records, Inc., a corporation; Elektra Entertainment Group, Inc., a corporation; Arista Records, Inc., a corporation; Sire Records Group, Inc., a corporation; Polygram Records, Inc., a corporation; Virgin Records America, Inc., a corporation; Warner Bros. Records, Inc., a corporation; Andre Young; Metallica; Casanova Records; Jerry Leiber; Mike Stoller; Frank Music Corporation, Plaintiffs-Appellees,
and
Tee Vee Toons; Matthew Katz; E/M Ventures; Creeping Death Music; Aftermath Entertainment; Emusic.Com, Inc.; The National Academy of Recording Arts & Sciences, Plaintiffs,
v.
Napster, Inc., Defendant-Appellant, and
Fred Drust; John Fanning; Hummer Winblad; Hank Barry; Bob Bozeman; Yosi Amram; Shawn Fanning, Defendants.
 No. 01-15998.
 No. 01-16308.
 No. 01-16003.
 No. 01-16011.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted December 10, 2001.
 Filed March 25, 2002.
 
 COPYRIGHT MATERIAL OMITTED Russell J. Frackman, argued, George M. Borkowski, Peter B. Gelblum, Jeffrey D. Goldman, Mitchell Silberberg & Knupp LLP, Los Angeles, CA, for A & M Records, Inc. et al., plaintiffs-appellants-cross-appellees.
 Carey R. Ramos, argued, Aidan Synnott, Michael C. Keats, Lewis E. Farberman, Paul Weiss Rifkind Wharton & Garrison, New York, NY, Jeffrey G. Knowles, Keith Evans-Orville, Julia D. Greer, Coblentz, Patch, Duffy & Bass LLP, San Francisco, California, for Jerry Leiber et al., plaintiffs-appellants-cross-appellees.
 Lawrence S. Robbins, argued, Roy T. Englert, Jr., Alan Untereiner, Robbins, Russell, Englert, Orseck & Untereiner LLP, Washington, DC, Laurence F. Pulgram, David Hayes, Fenwick & West LLP, San Francisco, CA, Steven Holtzman, Boies Schiller & Flexner LLP, Armonk, NY, Steven M. Cohen, Kronish Lieb Weiner & Hellman LLP, New York, NY, Joseph W. Cotchett, Jr., Cotchett Pitre & Simon, Burlingame, CA, for Napster, Inc., defendant-appellee-cross-appellant.
 Dale M. Cendali, Diana M. Torres, Elyssa M. Getreu, O'Melveny & Myers LLP, Los Angeles, CA, for amici Motion Picture Association of America, Inc., American Film Marketing Association, American Society of Composers, Authors and Publishers, Broadcast Music, Inc., American Society of Media Photographers, Association of American Publishers, Business Software Alliance, Office of the Commissioner of Baseball, Jazz Journalists Association, Professional Photographers of America, and Software & Information Industry Association.
 Appeal from the United States District Court for the Northern District of California; Marilyn H. Patel, Chief District Judge, Presiding. D.C. Nos. CV-99-5183-MHP, CV-00-0074-MHP, CV-00-1369-MHP.
 Before SCHROEDER, Chief Judge, BEEZER and PAEZ, Circuit Judges.
 BEEZER, Circuit Judge.
 
 
 1
 This appeal involves challenges to a modified preliminary injunction entered by the district court on remand from a prior appeal, A&M Records, Inc. v. Napster, Inc., 239 F.3d 1004 (9th Cir.2001). At issue is the district court's order forcing Napster to disable its file transferring service until certain conditions are met to achieve full compliance with the modified preliminary injunction. We entered a temporary stay of the shut down order pending resolution of this appeal. We have jurisdiction pursuant to 28 U.S.C. § 1292(a)(1). We affirm both the district court's modified preliminary injunction and shut down order.
 
 
 2
 * Plaintiffs' action against Napster claims contributory and vicarious copyright infringement stemming from Napster's peer-to-peer music file sharing service.[1] In the prior interlocutory appeal, we affirmed the district court's decision to issue a preliminary injunction and reversed and remanded with instructions to modify the injunction's scope to reflect the limits of Napster's potential liability for vicarious and contributory infringement. Napster, 239 F.3d at 1027.
 
 
 3
 We now consider the district court's modified preliminary injunction, which obligates Napster to remove any user file from the system's music index if Napster has reasonable knowledge that the file contains plaintiffs' copyrighted works. Plaintiffs, in turn, must give Napster notice of specific infringing files. For each work sought to be protected, plaintiffs must provide the name of the performing artist, the title of the work, a certification of ownership, and the name(s) of one or more files that have been available on the Napster file index containing the protected copyrighted work. Napster then must continually search the index and block all files which contain that particular noticed work. Both parties are required to adopt reasonable measures to identify variations of the file name, or of the spelling of the titles or artists' names, of plaintiffs' identified protected works.
 
 
 4
 The district court carefully monitored Napster's compliance with the modified preliminary injunction. It required periodic reports from the parties and held several compliance hearings. The district court also appointed a technical advisor to assist in evaluating Napster's compliance.
 
 
 5
 Napster was able to prevent sharing of much of plaintiffs' noticed copyrighted works. Plaintiffs nonetheless were able to present evidence that infringement of noticed works still occurred in violation of the modified preliminary injunction. After three months of monitoring, the district court determined that Napster was not in satisfactory compliance with the modified preliminary injunction. The district court ordered Napster to disable its file transferring service until certain conditions were met and steps were taken to ensure maximum compliance.
 
 
 6
 The record company plaintiffs and the music producer plaintiffs appeal the modified preliminary injunction, and Napster cross-appeals.[2] Napster also appeals the district court's shut down order.
 
 II
 
 7
 We review de novo the legal premises underlying a preliminary injunction. Does 1-5 v. Chandler, 83 F.3d 1150, 1152 (9th Cir.1996). Otherwise, we review for abuse of discretion the terms of a preliminary injunction. Gorbach v. Reno, 219 F.3d 1087, 1091 (9th Cir.2000) (en banc). "As long as the district court got the law right, it will not be reversed simply because [we] would have arrived at a different result if [we] had applied the law to the facts of the case." Gregorio T. v. Wilson, 59 F.3d 1002, 1004 (9th Cir.1995) (internal quotation marks and citation omitted).
 
 III
 
 8
 Plaintiffs challenge the requirement that they provide file names found on the Napster index that correspond to their copyrighted works before those works are entitled to protection. Plaintiffs argue that Napster should be required to search for and to block all files containing any protected copyrighted works, not just those works with which plaintiffs have been able to provide a corresponding file name. Napster, on the other hand, argues that the modified preliminary injunction's articulation of its duty to police is vague and fails to conform to the fair notice requirement of Federal Rule of Civil Procedure 65(d).
 
 
 9
 We are unpersuaded that the district court committed any error of law or abused its discretion. The notice requirement abides by our holding that plaintiffs bear the burden "to provide notice to Napster of copyrighted works and files containing such works available on the Napster system before Napster has the duty to disable access to the offending content." Napster, 239 F.3d at 1027. Napster's duty to search under the modified preliminary injunction is consistent with our holding that Napster must "affirmatively use its ability to patrol its system and preclude access to potentially infringing files listed on its search index." Id. The modified preliminary injunction correctly reflects the legal principles of contributory and vicarious copyright infringement that we previously articulated.
 
 
 10
 Napster's challenge on grounds of vagueness is without merit. A preliminary injunction must "be specific in terms" and "describe in reasonable detail ... the act or acts sought to be restrained." Fed.R.Civ.P. 65(d). We do not set aside injunctions under this rule "unless they are so vague that they have no reasonably specific meaning." E. & J. Gallo Winery v. Gallo Cattle Co., 967 F.2d 1280, 1297 (9th Cir.1992). Napster has a duty to police its system in order to avoid vicarious infringement. Napster can police the system by searching its index for files containing a noticed copyrighted work. The modified preliminary injunction directs Napster, in no vague terms, to do exactly that.
 
 IV
 
 11
 Napster challenges the district court's use of a technical advisor. Napster does not contest the appointment of the advisor but rather challenges the manner in which the district court relied on the advisor. Napster argues that the district court improperly delegated its judicial authority. We disagree.
 
 
 12
 At no time did the technical advisor displace the district court's judicial role. The technical advisor never unilaterally issued findings of fact or conclusions of law regarding Napster's compliance. See Kimberly v. Arms, 129 U.S. 512, 524, 9 S.Ct. 355, 32 L.Ed. 764 (1889) (holding a court may not, through appointment of a master or otherwise, "abdicate its duty to determine by its own judgment the controversy presented"); Reilly v. United States, 863 F.2d 149, 157-58 (1st Cir.1988) (stating a trial court may not rely on technical advisor to contribute evidence, determine legal issues or undertake independent factual findings).
 
 
 13
 The district court's use of the technical advisor was proper.
 
 V
 
 14
 Napster challenges the district court's shut down order. The district court was dissatisfied with Napster's compliance despite installation of a new filtering mechanism. The new filter analyzed the contents of a file using audio fingerprinting technology and was not vulnerable to textual variations in file names. Napster had voluntarily disabled its file transferring service to facilitate installation and debugging of the new filtering mechanism. Users were still able to upload files and search the Napster index during this period. The district court ordered Napster to keep the file transferring service disabled until Napster satisfied the court "that when the[new] system goes back up it will be able to block out or screen out copyrighted works that have been noticed .... and do it with [a] sufficient degree of reliability and sufficient percentage [of success].... It's not good enough until every effort has been made to, in fact, get zero tolerance.... [T]he standard is, to get it down to zero." The shut down order was issued after the parties had filed notices to appeal the modified preliminary injunction.
 
 
 15
 Napster contends that the shut down order improperly amends the modified preliminary injunction by requiring a non-text-based filtering mechanism and ordering a shut down of the system pursuant to a new "zero tolerance" standard for compliance. Napster additionally argues that the district court lacked authority to further modify the modified preliminary injunction while the injunction was pending on appeal.
 
 A.
 
 16
 Napster argues that the new filtering mechanism is unwarranted as it lies beyond the scope of Napster's duty to police the system. By requiring implementation of the new filtering mechanism, the argument goes, the shut down order fails to recognize that Napster's duty to police is "cabined by the system's current architecture." Napster, 239 F.3d at 1024. We are not persuaded by this argument.
 
 
 17
 "Napster [] has the ability to locate infringing material listed on its search indices, and the right to terminate users' access to the system." Id. at 1024. To avoid liability for vicarious infringement, Napster must exercise this reserved right to police the system to its fullest extent. Id. at 1023. The new filtering mechanism does not involve a departure from Napster's reserved ability to police its system. It still requires Napster to search files located on the index to locate infringing material.
 
 
 18
 A district court has inherent authority to modify a preliminary injunction in consideration of new facts. See System Federation No. 91 v. Wright, 364 U.S. 642, 647-48, 81 S.Ct. 368, 5 L.Ed.2d 349 (1961) (holding that a district court has "wide discretion" to modify an injunction based on changed circumstances or new facts); Tanner Motor Livery, Ltd. v. Avis, Inc., 316 F.2d 804, 810 (9th Cir.1963) (same). Napster's original filtering mechanism was unsuccessful in blocking all of plaintiffs' noticed copyrighted works. The text-based filter proved to be vulnerable to user-defined variations in file names. The new filtering mechanism, on the other hand, does not depend on file names and thus is not similarly susceptible to bypass. It was a proper exercise of the district court's supervisory authority to require use of the new filtering mechanism, which may counter Napster's inability to fully comply with the modified preliminary injunction.
 
 B.
 
 19
 Napster argues that the shut down order improperly imposes a new "zero tolerance" standard of compliance. The district court did not, as Napster argues, premise the shut down order on a requirement that Napster must prevent infringement of all of plaintiffs' copyrighted works, without regard to plaintiffs' duty to provide notice. The tolerance standard announced applies only to copyrighted works which plaintiffs have properly noticed as required by the modified preliminary injunction. That is, Napster must do everything feasible to block files from its system which contain noticed copyrighted works.
 
 
 20
 The district court did not abuse its discretion in ordering a continued shut down of the file transferring service after it determined that the new filtering mechanism failed to prevent infringement of all of plaintiffs' noticed copyrighted works. Even with the new filtering mechanism, Napster was still not in full compliance with the modified preliminary injunction. The district court determined that more could be done to maximize the effectiveness of the new filtering mechanism. Ordering Napster to keep its file transferring service disabled in these circumstances was not an abuse of discretion.
 
 C.
 
 21
 Napster argues that the district court lacked authority to modify the injunction pending appeal. The civil procedure rules permit modifications. While a preliminary injunction is pending on appeal, a district court lacks jurisdiction to modify the injunction in such manner as to "finally adjudicate substantial rights directly involved in the appeal." Newton v. Consolidated Gas Co., 258 U.S. 165, 177, 42 S.Ct. 264, 66 L.Ed. 538 (1922) (citations omitted); Stein v. Wood, 127 F.3d 1187, 1189 (9th Cir.1997). Federal Rule of Civil Procedure 62(c), however, authorizes a district court to continue supervising compliance with the injunction. See Fed.R.Civ.P. 62(c) ("When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the [district] court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal ... as it considers proper for the security of the rights of the adverse party.").
 
 
 22
 The district court properly exercised its power under Rule 62(c) to continue supervision of Napster's compliance with the injunction. See Meinhold v. United States Dep't of Def., 34 F.3d 1469, 1480 n. 14 (9th Cir.1994) (holding modification of preliminary injunction during pendency of appeal was proper to clarify injunction and supervise compliance in light of new facts).
 
 VI
 
 23
 We affirm both the modified preliminary injunction and the shut down order. The terms of the modified preliminary injunction are not vague and properly reflect the relevant law on vicarious and copyright infringement. The shut down order was a proper exercise of the district court's power to enforce compliance with the modified preliminary injunction.
 
 
 24
 AFFIRMED.
 
 
 
 Notes:
 
 
 [1]
 For a description of Napster's system,see Napster, 239 F.3d at 1011-12.
 
 
 [2]
 Five separate lawsuits against Napster have been consolidated into a multidistrict litigation proceeding before the district court. The district court entered substantially similar modified preliminary injunctions in each caseSee, e.g., A&M Records, Inc. v. Napster, Inc., 2001 WL 227083 (N.D.Cal. Mar. 5, 2001). Variations in the preliminary injunctions are not relevant to this appeal.