### LINEAS AEREAS ALLEGRO S.A. DE C.V., a Mexican corporation, Plaintiff—Appellant,

v.

### PEGASUS AVIATION INC, a California corporation; Pegasus Aviation I, a Delaware corporation; Pegasus Aviation IV, a Delaware corporation;

Pegasus Aviation V, a Delaware corporation; Pegasus Aviation Lease Securitization, a Delaware corporation; Pacific Aircorp 49877, a Delaware corporation; Pacific Aircorp 49904, a Delaware corporation; Pacific Aircorp 49741, a Delaware corporation; Airline Partner Services, Inc., a Florida corporation, Defendants—Appellees.

No. 04–15224.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 15, 2005.

Decided Aug. 12, 2005.

Molly Steele, Esq., Thompson & Knight, Dallas, TX, Dan W. Goldfine, Esq., Snell & Wilmer, LLP, Phoenix, AZ, for Plaintiff–Appellant.

George L. Paul, Esq., Susan M. Freeman, Esq., Doyle S. Byers, Esq., Lewis & Roca, LLP, Phoenix, AZ, for Defendants–Appellees.

Before: REAVLEY,* T.G. NELSON, and RAWLINSON, Circuit Judges.

---

* The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

MEMORANDUM **

Lineas Aéreas Allegro, S.A. de C.V. ("Allegro") appeals on jurisdictional grounds the district court's order granting Pegasus Aviation Inc.'s ("Pegasus") motion to clarify two previous contempt orders. We have jurisdiction under 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the facts, we do not recount them here.

Pegasus's motion sought only clarification of the court's previous order; it did not seek to amend the orders. Thus, under Federal Rule of Civil Procedure 60(a), Pegasus timely filed its motion.[1] The clarifying order did not address issues that were pending on appeal.[2] Moreover, under Federal Rule of Civil Procedure 60(a), a district court retains jurisdiction to clarify an order.[3] Accordingly, we affirm.

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. See FED. R. CIV. P. 60(a). We review the issue of whether a district court had subject matter jurisdiction de novo. Morris v. Morgan Stanley & Co., 942 F.2d 648, 650 (9th Cir.1991).

2. See Stein v. Wood, 127 F.3d 1187, 1189 (9th Cir.1997) ("As a general rule, the filing of a notice of appeal divests a district court of jurisdiction over those aspects of the case involved in the appeal.").

3. Id.; Morris, 942 F.2d at 654; FED R. CIV. P. 60(a).

